## S. P. FREELING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5163. Promulgated September 6, 1927.

1. Petitioner, an attorney retained to prosecute an action on behalf of the State of Oklahoma, held not to be an officer or employee of the State to the extent that the amount paid him could not be taxed.

2. Amount paid for personal services to be performed in the future is income when received.

3. Petitioner was to be reimbursed for expenses paid in the litigation. *Held*, such expenses are not deductible.

*S. P. Freeling, Esq.*, pro se.
*P. M. Clark, Esq.*, for the respondent.

This appeal is from a determination by the Commissioner of a deficiency in income taxes for the year 1922 in the amount of $1,296.

### FINDINGS OF FACT.

Petitioner resides in Oklahoma City, Okla., and is an attorney at law duly admitted to practice as such in Oklahoma. In 1922 he was attorney general of the State of Oklahoma.

Petitioner, in January or February, 1922, while he was Attorney General, entered into a contract with the Governor and other School Land Commissioners of Oklahoma to represent the State as its attorney in certain litigation with the State of Texas with respect to the boundary between the two States. The fee for his services was fixed at $15,000 and this amount was paid to him during 1922. It was estimated that the litigation would continue for three years. Thereupon the petitioner resigned the office of Attorney General and devoted substantially his entire time during 1922 to the professional services which he had contracted to render his State. In the latter part of 1922 he became connected with a law firm. While connected with this law firm in 1922 he gave advice to clients but did not carry on a regular practice. Taxpayer, in his 1922 income-tax return, returned $2,450 as income from his profession from sources other than the State of Oklahoma.

There was only $300 in the fund that was available for the purpose of paying the expenses of the litigation involving the boundary dispute. Petitioner paid the expenses necessary to carry on the litigation, amounting to from $6,000 to $8,000, and has not been reimbursed, except that the $300 available for the purpose was used. Substantially all of such expenses were paid in 1922. In the early part of 1923 a new governor took office. This governor had not been supported politically by the petitioner. He stated publicly that expenses incurred by petitioner would not be paid to him.

The legislature of Oklahoma was not in session in 1922.

In 1923 the governor and the attorney general who succeeded petitioner directed the clerk of the Supreme Court of the United States to pay petitioner any rebate that might exist after the litigation was terminated, in order that petitioner might be repaid his expenses. On Ocober 13, 1926, the date of the hearing, the litigation had not yet terminated.

### OPINION.

PHILLIPS: Petitioner contends that, while the fee, amounting to $15,000, which he received from the State was a lump sum, it was compensation for three years services at $5,000 a year. Whether this contention be true or not, it was in fact income in 1922, for the entire amount was received by petitioner in 1922 for personal services rendered or to be rendered. See *Jackson* v. *Smietanka*, 272 Fed. 970; 2 Am. Fed. Tax Rep. 1408, and *Forbes* v. *Nichols* (U. S. District Court, District of Massachusetts, July 27, 1927).

The second contention of taxpayer is that the fee was salary of a public officer, and not taxable as such. The United States Supreme Court, in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, had occasion to consider the question here involved. There it was held that a consulting engineer, engaged as such by a State or local subdivision for work not permanent or continuous in character on public water supply and sewage disposal projects, whose duties are prescribed by his contract, and who takes no oath of office and is free to accept other concurrent employment, is neither an officer nor an employee of the State so as to be exempt from taxation. Under the principles laid down in that decision we are of the opinion that petitioner was not a public officer after his resignation as Attorney General in 1922. *Appeals of Robert G. Gordon*, 5 B. T. A. 1047, and *Emma B. Brunner, Executrix*, 5 B. T. A. 1135.

Petitioner's third contention is that his claims against the State of Oklahoma for expenses incurred in carrying on litigation under his contract with the State were uncollectible and that, therefore, he should be allowed a deduction for the amount of these expenses. We understand that petitioner was to be reimbursed for such expenses, and that such amounts constituted a claim which petitioner had against the State for reimbursement. It would, therefore, appear necessary that petitioner bring himself under section 214 (a) (7) of the Revenue Act of 1921 which provides that there shall be allowed as a deduction debts ascertained to be worthless and charged off within the taxable year.

Taxpayer testified that he expended between $6,000 and $8,000 for expenses during 1922. His claim against the State was not repudiated in 1922 but was repudiated in 1923. The legislature was not in session in 1922 and, therefore, could not have appropriated funds in that year for the payment of his claim. Although the governor of the State stated publicly that the claim would not be paid, in 1923 he directed the clerk of the Supreme Court of the United States to pay petitioner any rebate that might exist after the litigation was terminated. The petitioner could not have ascertained his claim against the State to be uncollectible in 1922 and there is no certainty as yet that it is worthless. There is no other provision of law which has been called to our attention or of which we have knowledge, under which the amount claimed as a deduction could have been allowed in 1922.

*Decision will be entered for the respondent.*

Considered by MARQUETTE, MILLIKEN, and VAN FOSSAN.