EDWIN T. FOREMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8088.    Promulgated February 24, 1928.

*J. Wallace Bryan, Esq.,* and *Edward H. Copes, C. P. A.,* for the petitioner.
*Dwight H. Green, Esq.,* for the respondent.

**OPINION.**

LANSDON: The only issue here is whether the petitioner rendered personal services to the City of Baltimore as an officer or employee thereof. There is no contention that he was an officer. It therefore remains only for us to determine whether in the taxable years he was an employee of a State or municipal subdivision thereof and so entitled to the benefit of the provisions of section 1211 of the Revenue Act of 1926.

The evidence shows that the petitioner did only one thing for the City of Baltimore. He supplied his own and other teams for work on the streets and from the receipts therefor he paid all the expenses of maintaining his teams and equipment, all the wages of the teamsters whom he employed, and all the costs for the service of extra

teams. He was not paid for personal service on any time basis. His remuneration, if any, was the difference between the pay roll amounts received and his payments of expenses and wages. We are of the opinion that in the taxable years the petitioner was neither an officer nor an employee of the City of Baltimore, but was an independent contractor and therefore not entitled to the exemptions that he claims. *Appeal of Robert Gordon*, 5 B. T. A. 1047; *Appeal of Emma B. Brunner*, 5 B. T. A. 1135; *Union Paving Co.* v. *Commissioner*, 6 B. T. A. 527; *Fred H. Tibbetts* v. *Commissioner*, 6 B. T. A. 827. See also *Vane* v. *Newcombe*, 132 U. S. 133; *Metcalf* v. *Mitchell*, 269 U. S. 514.

The delinquency penalties are imposed for failure to make returns for any of the taxable years. The petitioner admits such failures but argues that there was honest belief that there was no taxable income and therefore no willful failure to make returns. The statute is clear. The penalty may be imposed for failure to file any return required by the law or the regulations. It is immaterial whether such failure results from ignorance or willfulness. If the petitioner had voluntarily made returns at a subsequent date the law provides for the remission of the penalties. The Commissioner's determination as to the penalty for each year is, therefore, approved. *Bean* v. *Hamilton*, 289 Fed. 9; *Appeal of J. Hudson McKnight*, 3 B. T. A. 1060; *Homer P. Morris* v. *Commissioner*, 9 B. T. A. 1273.

Reviewed by the Board.

*Judgment will be entered for the respondent.*