*1396 OPINION.
Arundell :
The petitioner admits that he was not an officer of the City of Fall River, but contends that he was an employee thereof *1397 and that the amount received by him in 1922 as compensation for services rendered under the contract of April 5, 1921, and the renewal thereof is exempt from taxation.
The petitioner did not take an oath of office; he was free to, and did, accept concurrent employment; his employment by the City of Fall River was subject to termination if the work contemplated by the employer was abandoned or suspended, and at the most extended from year to year at the will of the employer; his duties were specifically defined by the contract of employment and were in no manner prescribed or defined by statute or ordinance of the city. Some of these characteristics of the employment were present in the case of Metcalf & Eddy v. Mitchell, 269 U. S. 514, wherein the court held that the taxpayers were neither officers nor employees of the State or a political subdivision thereof.
At the hearing, petitioner made some point of the fact that he was subject to the direction of the school committee in his work under the contract of employment because of which he had the status of an employee rather than that of an independent contractor. It is clear from the agreement that the petitioner was engaged to render advisory services only on a number of subjects incident to the future location and construction of school buildings, in view of which it was necessary for the school committee to indicate the particular matter about which petitioner’s advice was desired. There is nothing in the record showing that the petitioner was otherwise restricted in his employment.
This proceeding comes within the decision in Fred H. Tibbetts, 6 B. T. A. 827, and the cases cited therein, on the authority of which we must decide in favor of the respondent.
Reviewed by the Board.

Judgment will be entered for the respondent.