1428

HOWARD S. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARVEY J. ELAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18000, 18001, 19569, 19570, 38299, 40079.   Promulgated July 25, 1929.

*Howard S. Young, Esq.,* and *Harvey J. Elam, Esq.,* for the petitioners.

*Arthur Carnduff, Esq.,* for the respondent.

1432

## OPINION.

TRAMMELL: The petitioners contend that their shares of the amounts received by the firm for services rendered the Special Coal and Food Commission are exempt from tax on the ground that they were employees of the State of Indiana.

With respect to the creation of the Commission and its rights and duties, Burn's Annotated Indiana Statutes, Supplement of 1921, provides as follows:

10052g5. *Special coal and food commission, members.*—1. There is hereby created a special coal and food commission, which shall consist of the members of the state board of accounts, and which shall possess the powers and perform the duties hereinafter provided for in this act. The members of the state board of accounts shall serve as members of the special coal and food commission,

hereby created, without additional compensation, and until the thirty-first day of March, 1921, and no longer, at which time the special coal and food commission shall cease to exist unless continued by subsequent legislation.

\*   \*   \*   \*   \*   \*   \*

10052n5. *Intrastate commerce, regulating and fixing prices.*—8. Said commission shall have the right and it shall be its duty, after full hearing, and after affording to all persons interested a full opportunity to be heard, to adduce evidence and to be represented by counsel, to regulate and fix the price at which all coal moving in intrastate commerce in the State of Indiana shall be sold, both to jobbers, wholesale and retail coal dealers and to the public, provided that no price so fixed shall be confiscatory, nor shall it be less than the actual cost of the coal plus a fair and reasonable return on the property used in the production and sale thereof. Said prices may be fixed either at so much per ton or on any other basis or scale which is fair, just and equitable, or the commission may prescribe maximum and minimum prices, if it sees fit to do so. If in its judgment, the production of coal in any particular vicinity or of any particular kind of coal can be fairly regulated as to price by one order, the commission shall have power so to fix a price, after notifying all parties in interest of the hearing.

\*   \*   \*   \*   \*   \*   \*

10052b6. *Food prices, investigation, report.*—22. Said commission shall also investigate the high cost of food products and profiteering, hoarding and destroying of food products by wholesalers, retailers, dealers, and individuals engaged in the sale and distribution of food products and make recommendations to the governor for the preparation of a bill to be presented to the consideration of the next general assembly recommending such laws as will prevent said profiteering, hoarding and destroying of food and food products used for human consumption on the part of said wholesalers, retailers, dealers, individuals or distributors of such food or food products.

With respect to the employees, attorneys and counsel for the Commission, it is provided:

10052h5. *Employees and assistants, organization, hearings.*—2. Immediately upon the taking effect of this act, the commission shall organize by selecting such engineers, accountants, clerks, assistants and employes as in the judgment of said commission shall be necessary or proper in the performance of its duties. \* \* \* The commission shall fix the salaries and compensation of its employes, clerks, engineers, accountants and assistants, and shall have power to employ and retain *attorneys* to appear for and represent it in any action brought by or against said commission and to fix the compensation to be paid said *attorneys.* (Italic ours.)

\*   \*   \*   \*   \*   \*   \*

10052r5. *Attorney general, special counsel.*—12. The attorney general of Indiana shall represent the state in any action or proceeding brought by or against the commission and the governor or commission in its discretion may employ and pay special counsel.

It is not disputed that the Commission was exercising sovereign governmental functions or that it was a political subdivision of the State of Indiana. Therefore, it is not necessary to discuss that feature of the case. As there was statutory authority for the em-

1434

ployment by it of the firm of which the petitioners were members, the question we are called upon to decide here is were the petitioners employees of the State of Indiana or a political subdivision thereof, no contention being made that they were officers.

Shortly after the creation of the Commission, the firm was employed as counsel during its life which was definitely provided for in the statute. So far as we are able to determine, the firm continued in this employment until the existence of the Commission terminated. While Young had a table in the office of the State Board of Accounts at which he kept regular office hours for several months, it appears that he was required to be there only when necessary to perform the work devolving upon him. In the course of the employment a member of the firm, usually Young, conferred with the Commission almost daily as to matters touching upon the employment. While the agreement of employment contained no provision as to what the compensation of the firm should be, it did provide that the firm at all times should be at the call of the Commission and should do such work as it requested. All the work that was done by the firm in this employment was done under the direction of the Commission, whose judgment as to the action to be taken was final.

In *Blair* v. *Mathews*, 29 Fed. (2d) 892, there was involved the question as to whether the compensation of a county attorney was subject to tax. There the court said:

The contract bound the taxpayer for a period of two years to attend to all legal matters for the county. He was not engaged to accomplish any particular result in a way chosen by himself, but was obligated to render any legal service for the county to which at any time during the period mentioned he was assigned by the Board of County Commissioners. One whose services are so at the command of another for a definite time is an employee of the latter, though the services contracted are legal services of a lawyer, who is not forbidden to render professional services to others. *Seaboard Air Line Railway* v. *Continental Trust Co.*, 166 Fed. 597.

In *D. F. Strickland et al.*, 16 B. T. A. 419, we expressed our concurrence in the rule laid down by the court, stating that we thought it is the sound and correct rule and in accordance with the principles laid down in the decision of the Supreme Court in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. We think the rule in the *Mathews* case is applicable in the instant case and are therefore of the opinion that the petitioners were employees of the Commission. Being such, their compensation therefrom is exempt from tax. See *Howard* v. *Commissioner*, 29 Fed. (2d) 895.

With respect to their distributive shares of the amounts received by Fesler, for his services as receiver for the William Small Co., the petitioners contend that such income was also exempt. In support

of the contention they insist that the amounts were not taxable to Fesler because they were received by him for his services as receiver appointed by a state court and, thus being exempt, they continued to be immune from the tax after having been turned into the firm and distributed between Fesler and the petitioners according to the amount of the partnership profits each was entitled to receive.

In *Alfred S. Frank*, 16 B. T. A. 771, we had before us a case involving a similar question to that involved here. In that case we said:

> We do not deem it essential to this decision to decide whether or not Brown was an employee of a political subdivision of the State of Ohio. Brown is not the petitioner. We have before us the partner, Frank, who claims that the mantle of immunity which might shield Brown as to income paid to him also protects the partner in so far as his distributive share of the partnership proceeds represents a division of the salary paid to Brown and turned in by him to the partnership. With this contention we can not agree.

> \*      \*      \*      \*      \*      \*      \*

> Though this section [section 1211 of the Revenue Act of 1926] deals primarily with refunds, it seems clear that Congress contemplated that the immunity be personal to the person receiving the same " as compensation for personal services as an officer or employee of any State or political subdivision thereof \* \* \*." We believe this section to be merely enunciatory of the general rule of law covering the scope of the immunity afforded the employees of one government from taxation by another. Here Brown's salary was paid in to the partnership and indiscriminately mixed with funds received from other sources. A decision as to the legal effect of such a commingling as to Brown's income is not pertinent here, but to extend immunity to the share of the partnership income received by petitioner would be stretching the doctrine beyond reason or precedent. Frank was at no time an employee of the District. He received no income therefrom. It would do violence both to the language and spirit of the Act and to the general rule of law to relieve him from the tax in question.

Fesler's tax liability is not involved in the instant proceedings, and in view of our holding in the *Frank* case, we deem it unnecessary to determine whether his compensation for services as a receiver was exempt. This contention of the petitioners must be denied.

The remaining contention relates to the taxability of the petitioners' distributive shares of certain income received by them as attorneys for Fesler, in his capacity as receiver, and certain other income received by the firm as attorneys for other receivers. The petitioners contend that such income is exempt for the reason that attorneys for receivers in Indiana are employees of the State. In support of this contention petitioners urge that, since under the Indiana statutes a receiver is entirely subject to control by the court as to all his acts, including the litigation carried on by his attorneys, the attorneys are also subject to the control of the court. They further urge that attorneys are officers of the court; that, being attorneys for a receiver, they were assistants to the court, performing

governmental work, and the performance of such work made them state employees. They also urge that in their cases they were appointed by the court as attorneys for the receiver.

In *Fleming* v. *Bowers*, 11 Fed. (2d) 789; aff'd. 27 Fed. (2d) 128, the court had before it the question as to whether a Federal court receiver was an officer or an employee of the United States. The court said:

Courts, of course, are an instrumentality of the sovereignty under which they function, but it does not follow that every person who is called upon by the court to aid in the performance of its duties thereby becomes an officer or employee of the sovereign that created the court. An attorney at law is rightfully said to be an officer of the court in which he is duly admitted to practice. But he is not, for such reason, a governmental officer or employee. Nor does he become such if the court appoints him to act as a master to hear testimony and report to the court, or assigns him to defend an impecunious person charged with an offense against the government. In such appointments, * * * the court merely calls to its assistance, in the performance of its duties, a person who is considered competent to further the ends and purposes of the judicial establishment, and no change in the attorney's previous status, as respects the government, is brought about.

The language of the court with respect to receivers is applicable with even greater force in the case of attorneys for receivers. They are a step further removed from the exercise of sovereign power. Even if receivers were officers or employees of the State, attorneys rendering legal services to receivers are engaged in the work of their profession and their status is not changed because a client happened to be a receiver.

Nor do we think that the tax here involved impairs to any substantial degree the right of the State to carry out its sovereign powers. Accordingly, we are of the opinion that the income here being considered is not exempt from the tax. *Metcalf & Eddy* v. *Mitchell*, *supra*.

At the hearing there developed some difference between the parties as to the amount received in 1922 for the services of Elam and Young, as attorneys for Fesler, in his capacity as receiver for the William Small Co. The respondent admitted $2,000 was received, while the petitioners contend that the amount was $2,500. The evidence shows the amount to be $2,500 and we have so found.

*Judgment will be entered under Rule 50.*