A. TEN EYCK BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31958. Promulgated April 15, 1930.

*George R. Shields, Esq.,* and *J. C. Murphy, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

570

572

OPINION.

LANSDON: The only question to be determined in this proceeding is whether the petitioner was an employee of the city of Atlanta within the meaning of section 1211 of the Revenue Act of 1926, which provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The petitioner concedes that he was not an officer of the city of Atlanta, but alleges that he was an employee of the Board of Education, which is a part of the city government of Atlanta. The respondent concedes that the Board of Education is a political subdivision of the State of Georgia within the meaning of section 1211 above.

The facts disclose that the petitioner maintained his own office; employed a large clerical force and a number of assistants; was free under the contract to accept other employment; received as compen-

sation a certain percentage of the total cost of the construction; was required to give no certain amount of time to the city; and was only bound to perform his duties under the contract in accordance with his best professional skill and judgment. On his income-tax return for 1923 he reported income from his profession, aside from that received under the above contract, in a total amount almost four times that paid to him by the Board of Education.

We are of the opinion that petitioner was an independent contractor and that the respondent correctly included as taxable income the amount of $18,000 received from the city of Atlanta. *Lucas* v. *Howard*, 280 U. S. 14A; *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Blair* v. *Byers*, 35 Fed. (2d) 326; *Kreipke* v. *Commissioner*, 32 Fed. (2d) 594; *Clarence H. Johnston*, 14 B. T. A. 605; *R. Clipston Sturgis*, 10 B. T. A. 1394; *George M. Fuller*, 9 B. T. A. 708; *Fred H. Tibbetts*, 6 B. T. A. 827; and *Emma B. Brunner, Executrix*, 5 B. T. A. 1135.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

Trammell, dissenting: In my opinion no weight should be attached to the fact that the petitioner received during the taxable year and in the subsequent year a substantial income from his private business. In the taxable year the petitioner received income from his private business transacted prior thereto and in the subsequent year only a portion of the year was devoted to his duties to the school board. These facts do not indicate that all of the petitioner's time during the taxable year and while engaged in school board work was not devoted to that work. Nor do they indicate that the petitioner during the taxable year carried on private business through his employees or office associates.

In any event, all of the petitioner's time necessary for the performance of his duties was devoted to work for the school board, and while the terms of his contract did not prevent private employment, in effect he was not permitted to do other work for lack of time, his duties consuming his time. Yet the element of time and the fact that he could do other work is not an essential factor in determining whether he was an employee or independent contractor. Such facts are evidentiary only and are not determinative. A person under certain circumstances clearly could be an employee and yet not be required to devote all his time to the employment and he could do other work without relieving the employer of the responsibilities arising from the relationship of employer and employee.

It is true that a person having an established business in which he is skilled, when rendering service for another in connection there-

with is usually held to be an independent contractor. But this fact is not conclusive.

The characteristics of the independent contractor are that he is a person (usually carrying on a distinct occupation) who for a stipulated compensation (usually a lump sum) undertakes to do a piece of work (usually of some magnitude) by his own forces and instrumentalities (usually supplying labor and materials) being responsible to his employer for the stipulated results but (essential characteristic) being left in control of the operation of the forces and instrumentalities by which the stipulated result is to be accomplished.

The latter characteristic was considered essential and determinative of the question by the Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 544.

On this point it appears that no weight has been given to the uncontradicted and unimpeached oral testimony of the witnesses as to the control actually exercised by the school board over the activities of the petitioner, the administrative duties actually performed according to the direction of the board, and other facts which seem to me to be entitled to great weight, if not of controlling influence. Such testimony was not opinion evidence or conclusions of the witnesses, but actual facts within their own personal knowledge. Yet there are no findings of fact based on this testimony. The theory of the opinion and decision is contrary to this essential fact disclosed by evidence.

While the petitioner's duties were prescribed by contract and not by law, in my opinion the facts here presented are materially different from those in *Metcalf & Eddy* v. *Mitchell, supra*, where the Supreme Court held that persons engaged by contract under the facts of that case were not employees of a political subdivision of a State. In that case the individuals were employed by contract to do certain things, in the performance of which they were left free to use their judgment, skill, and discretion. They were responsible for the result to be accomplished and not the means by which it was accomplished. They were in that case not shown to have been under the direction and control of the political subdivision or its authorized representatives.

Here, the petitioner was in fact the representative of the sovereign authority, notwithstanding the fact that his duties were prescribed by the agreement. He was in effect an assistant to the Board of Education and represented it as against those with whom the board contracted to have the work performed. He was under its immediate and constant direction and control. He had no undertaking to perform in which he was responsible only for the results. Project architects had separate contracts for each project. The petitioner,

in behalf of and under the direction of the Board of Education, supervised the work of others and carried out the instructions of the board with respect thereto. His work was supervisory and administrative as well as advisory. Any changes made by him in plans were to carry out the wishes of the board. He could in no proper sense be said to be an " independent contractor." He was not independent as to the means or instrumentalities, but was directed and controlled as to the performance of his work.

In my opinion, under the facts he was an employee of a political subdivision of the State of Georgia. See *John E. Matthews*, 8 B. T. A. 209; affd., 29 Fed. (2d) 892; *D. F. Strickland et al.*, 16 B. T. A. 419; *B. T. Matthews*, 13 B. T. A. 1133; *P. F. Martin*, 12 B. T. A. 267.

In my opinion, the case of *W. J. Howard*, 10 B. T. A. 62, which was reversed by the Circuit Court of Appeals and affirmed by the United States Supreme Court, December 9, 1929, is distinguishable from the facts in this case. In that case Howard was employed as an attorney in suits relating to the separation of railroad grade crossings and the regulation of rates to be charged by public service corporations, and the subdivision of the State was interested in the results to be obtained without reserving to itself direction and control as to the means and instrumentalities by which the result was to be obtained.

This case is also distinguishable from the case of *R. Cliptson Sturgis*, 10 B. T. A. 1394. In that case Sturgis was employed by contract to render " advisory service only." In this case Brown was not employed to render advisory service only. His duties were to be supervisory and administrative as well as advisory. Sturgis' services, being advisory only, were not subject to the direction and control of the political subdivision of the State.

This case is also to be distinguished from the case of *Fred H. Tibbetts*, 6 B. T. A. 827. In that case Tibbetts performed part of the duties required of him under the contract and a portion thereof were performed by his employees, while in this case the city employees in the office of the comptroller of the city were required to work under the direction of the petitioner while a portion of the work in the petitioner's office was carried on by his own employees. It is most unusual that employees of the city, drawing compensation from public funds, would be directed and supervised and controlled in the performance of their work by one who was not an officer or employee of the city, but merely an independent contractor. In the case of *Blair* v. *Matthews*, 29 Fed. (2d) 892, the taxpayer was a practicing attorney maintaining his own office, but was employed by contract by the Board of County Commissioners, which required him to attend to all legal matters for the county and to give advice con-

cerning routine matters coming before the board, including bond issues and defending or prosecuting lawsuits. He maintained his own office and was free to take other employment. This Board held that the taxpayer was an employee of a political subdivision. The court affirmed the Board in this position.

In the *Metcalf & Eddy* case, *supra*, the court said:

* * * This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer to employee and differentiates the employee or servant from the independent contractor.

Either the actual control exercised or the reserved right of control by the State or political subdivision thereof seems to be the test laid down by the court.

From the evidence in the case it appears that control was actually exercised over the petitioner as to the method and means by which he performed his services; that he was not permitted liberty of action which is characteristic of an independent contractor; that the services were not purely advisory, but were largely administrative and directed by the school board. They were also supervisory, and the supervision by the petitioner was to see that the wishes of the board and its directions were carried out by the persons who were performing contracts with the school board. For the foregoing reasons, I dissent from the prevailing opinion.