### LINDSAY v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York. January 7, 1927.)

Internal revenue ⊂⇒7(5)—Salary of president of New York Society for Prevention of Cruelty to Children held subject to income tax (War Revenue Act 1917).

The New York Society for the Prevention of Cruelty to Children, incorporated under Laws N. Y. 1875, c. 130, providing for incorporation of such societies, *held* not an agency of the state, but a private philanthropic organization, and salaries of its officers *held* subject to income tax, under War Revenue Act 1917 (40 Stat. 300).

At Law. Action by John D. Lindsay against Frank K. Bowers, Collector of Internal Revenue. Judgment for defendant on pleadings.

Perkins, Malone & Washburn, of New York City (Watson Washburn, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge. This is a motion by defendant, the collector of internal revenue, for judgment upon the pleadings. The action was brought by the plaintiff to recover $1,041.09, composed of a tax of $743.60, with interest and penalty of $297.49, paid under protest, for the year 1917, under the War Revenue Act of 1917. Act Oct. 3, 1917, c. 63 (40 Stat. 300).

It appears that during the year 1917 the plaintiff, Mr. Lindsay, was the president of the New York Society for the Prevention of Cruelty to Children, and received as such president a salary of $5,000 per year; that this tax was imposed on his salary. The payment of the tax was protested on the ground that such salary was exempt income, because received from a governmental agency of the state of New York, and therefore the salaries of its employees were exempt from federal income taxation.

The New York Society for Prevention of Cruelty to Children was incorporated on April 26, 1875, under an act of the Legislature of this state entitled "An act for the incorporation of societies for the prevention of cruelty to children," known as chapter 130 of the Laws of 1875, and its certificate of incorporation, after being approved, was duly filed with the secretary of state on April 27, 1875, since which time the society has carried on the business for which it was incorporated. The objects of the society, as stated in its certificate of incorporation, are as follows:

"The particular business and objects of this society are the prevention of cruelty to children and enforcement by all lawful means of the laws relating to or in any wise affecting children."

The society receives on commitment and subject to the order of the court children charged with the commission of crime in the county of New York, who otherwise would be sent to the City Prison. Children are also committed to it temporarily, subject to the order of the court, pending their commitment to some institution, when, because of crime or other conditions, it is desirable to remove them from their homes. It maintains officers in various courts, who, upon order of the justice, investigate applications for the commitment of children and make written reports to the justices, and generally assist in the care of children and investigations of crimes and conditions in homes where children are in-

volved. About one-half of the society's total income is contributed by the city of New York, and the remainder by private donors. The president takes no oath of office; his salary, term, and duties are fixed by the directors of the society.

In People ex rel. Board of Charities v. New York Soc. P. C. C., 161 N. Y. 233, 55 N. E. 1063, the Court of Appeals held that the society was a private philanthropic organization, and not subject to visitation by the state board of charities. In the Matter of Moses, 138 App. Div. 525, 123 N. Y. S. 443, it was held that a bequest to a similar society, incorporated under the same act as was the New York Society for the Prevention of Cruelty to Children, was not exempt from the operation of the transfer tax law.

Mr. Lindsay's salary as president of the Society for Prevention of Cruelty to Children would be exempt income, if he was an officer or employee of the state of New York, as the Revenue Act exempts the salary of such officer or employee. However, it must be and is conceded that Mr. Lindsay was not an officer or employee of the state of New York. United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482. Mr. Lindsay's salary would also be exempt income if the society was a governmental instrumentality or agent of the state of New York, and the taxation of his salary by the United States interfered with the exercise of sovereignty by the state of New York, or impaired the efficiency of such agency in a substantial manner; this, because the Constitution of the United States prohibits the federal government from imposing a tax upon the states or their agencies. Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384.

It seems to me that the Society for the Prevention of Cruelty to Children cannot be regarded as a governmental agency, or that a tax upon the salaries of its officers is an interference with the sovereignty of the state of New York to any appreciable or substantial manner. The character of the society is that of a private corporation, which, with the aid of funds from the city of New York and private donors, has devoted itself to the commendable task of assisting the state of New York in the enforcement of criminal laws relating to children and the care of them. The management of the affairs of the society is solely under the control of its directors; they alone had the power to employ Mr. Lindsay—to fix his term of office, duties, and salary. The society has rendered exceptional services to the community for many years by its efforts to have enforced laws for the prevention of cruelty to children and to further their welfare. Its ability to accomplish so much is due to the high character of its officers and members, and perhaps partly to the fact that it is an independent organization, under the control of those who created it or their successors, and who are devoted to its purposes. The state, appreciating the work carried on by the society, has given it certain powers, and the city of New York has contributed toward its expenses. But it is not a state agency, and it is free from control by the state, except in a general way.

It must be conceded that the salary of an officer of a private corporation, which performs service for the state by printing its laws and records and receiving an appropriation therefor, could not be held to be exempt income, on the ground that such tax would be an interference with the exercise of sovereignty by the state, or an impairment of the efficiency of such agency in a substantial manner, and it seems to me that there is little more reason to hold that the salary of an officer of this society is exempt income on that ground.

In Metcalf & Eddy v. Mitchell, supra, the Supreme Court held that the income received by consulting engineers, who were employed to advise states or subdivisions of states with reference to proposed water supply and sewage disposal systems, was taxable, and Mr. Justice Stone, in the opinion of the court at page 524 (46 S. Ct. 175), stated:

"But here the tax is imposed on the income of one who is neither an officer nor an employee of government, and whose only relation to it is that of contract, under which there was an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity."

For the reasons stated above, the defendant's motion for judgment on the pleadings must be granted.