E. H. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. E. H. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. F. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. J. F. COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5794, 5793, 5796, 5795.   Promulgated March 27, 1928.

*Harold A. Moise, Esq.,* and *R. F. Becker, Jr., Esq.,* for the petitioners.

*A. S. Lisenby, Esq.,* for the respondent.

247

OPINION.

TRAMMELL: The respondent, having conceded that Mr. and Mrs. J. F. Coleman were residents of and domiciled in the State of Louisiana, the only question remaining to be decided is whether the distributive shares of the partnership in the compensation received from the Board of Commissioners of the Port of New Orleans is exempt from taxation. The petitioners contend that the said compensation is exempt because the J. F. Coleman Engineering Co. is an employee of a " subordinate branch of the State of Louisiana."

The petitioners assert that the Board of Commissioners of the Port of New Orleans is a branch or arm of the State government and that the engineering company was an employee of that body.

The evidence introduced by the petitioner in this case was very meagre. It consisted only of an extract from the minutes of the Board of Commissioners of the Port of New Orleans, a handbook prepared by said board, and certain admissions and stipulations made at the hearing.

We were not advised as to the nature of the duties to be performed by the partnership or by the individual members thereof. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the Board of Commissioners, to what extent the performance of their services involved the use of judgment and discretion on their part, what liberty of action they had, or other facts from which we can determine whether the petitioners were employees of the State or a political subdivision thereof.

The very facts which were lacking, as pointed out by the Supreme Court in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, are lacking here. The court in that case said:

Nor do the facts stated in the bill of exceptions establish that the plaintiffs were " employees " within the meaning of the statute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and

they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. [Citations.]

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way.

On the record, we determine that the compensation received by the petitioners should be included in their taxable income. *Robert G. Gordon*, 5 B. T. A. 1047; *Emma B. Brunner*, 5 B. T. A. 1135; *Union Paving Co.*, 6 B. T. A. 527; *Fred H. Tibbetts*, 6 B. T. A. 827; *George W. Fuller*, 9 B. T. A. 708.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*