*1392 OPINION.
Arundell:
The parties stipulated the amount of the loss sustained by the petitioner in 1921 on cotton and stock transactions and the amount of profit realized in 1922 on similar transactions. No evidence whatsoever was offered to show that dealing in cotton and stocks was a trade or business of the petitioner regularly carried on by him. Such a showing is a necessary prerequisite to the allowance of a loss as a net loss under section 204 of the Revenue Act of 1921. The respondent is accordingly sustained on the first issue.
The second issue presents a question which has been before us many times. We have had a number of cases in which the facts were closely analogous in that architects, engineers, and contractors were engaged under contract to perform services for States or political subdivisions thereof, and municipalities. Architect cases: Emma B. Brunner, 5 B. T. A. 1135; Clarence H. Johnston, 14 B. T. A. 605; R. Clipston Sturgis, 10 B. T. A. 1394. Engineer cases: Fred H. Tibbetts, 6 B. T. A. 827; George W. Fuller, 9 B. T. A. 708. Contractor cases: Union Paving Co., 6 B. T. A. 527; A. C. Kreiphe, 7 B. T. A. 777. In all of these cases it was held that the relation of the taxpayers to the State or municipality was that of independent contractor rather than that of officer or employee. The leading case on this subject is Metcalf & Eddy v. Mitchell, 269 U. S. 514, in which the material facts appear in the following excerpts from the opinion:
All of the items of income were received by the taxpayers as compensation for their services as consulting engineers under contracts with states or municipalities, or water or sewage districts created by state statute. In each case the service was rendered in connection with a particular project for water supply or sewage disposal, and the compensation was paid in some instances on an annual basis, in others on a monthly or daily basis, and in still others on the basis of a gross sum for the whole service.
****** *
* * * They took no oath of office; they were free to accept any other concurrent employment; none of their engagements was for work of a permanent or continuous character; some were of brief duration and some from year to year, others for the duration of the particular work undertaken. Their duties were prescribed by their contracts and it does not appear to what extent, if at all, they were defined or prescribed by statute.
Petitioner seeks to distinguish his case from that of Metcalf & Eddy by showing that he gave his entire time to the work for the State. The amount of time devoted is only one of the several ele *1393 ments to be considered in determining the question involved in these cases, and it alone is not decisive of the question.
We are of the opinion that the present case falls within those above cited and that petitioner’s compensation under his contract with the State hospital is not exempt from tax.

Decision will he entered for the respondent.