WALTER G. WINNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60900. Promulgated December 19, 1932.

*B. G. Carson, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

Smith: The petitioner contends that the compensation received in the taxable year 1929 from the City of Hackensack and the Boroughs of Lodi and Teterboro, and as master or special master in chancery, is exempt from Federal taxation, apparently abandoning a similar contention with respect to the compensation received from the Borough of Maywood, since no evidence was offered with respect to that compensation.

The petitioner's appointment as counsel or attorney for the several political subdivisions of the State of New Jersey was in accordance with the statute (sec. 24–3, I Cum. Supp. to Com. Stats., p. 168), which provided, *inter alia*, that such appointee " shall hold office during the pleasure of the council." While the petitioner took an oath of office, he was nevertheless free to accept any other concurrent employment, and apparently did so. His duties were not prescribed by statute. " There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law." *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. The petitioner's relation to the several political subdivisions of the State of New Jersey does not come within the definition of an *office* laid down in *Metcalf & Eddy* v. *Mitchell, supra*. The several political subdivisions procured the petitioner's professional services and retained those services at their pleasure, paying therefor the fees charged by the petitioner in addition to the compensation (salary and/or retainers) agreed upon for routine services. No effort has been made to show what portion, if any, of the compensation was received for services rendered in connection with the exercise of essential governmental functions. In the circumstances we are of the opinion that the relationship of attorney and client existed between the petitioner and the City of Hackensack and the several boroughs, and that the compensation for the services rendered by him to those political subdivisions is not exempt from Federal taxation. *George H. Gabel*, 25 B. T. A. 60.

The petitioner as a master or special master of the court of chancery was an integral part of the judicial system of the State of New Jersey. See sec. 2, 3d Com. Stats. of New Jersey, par. 8, p. 3785; Rules of Court of Chancery of New Jersey, Rule XXVI, secs. 176, 179, printed in the preface to Volume 100 of the Atlantic Reporter.

Following our decision in *David K. Cochrane*, 26 B. T. A. 1167, we hold that the fees received by the petitioner as master or special master in chancery are exempt from Federal taxation.

The compensation received from the several political subdivisions of the State of New Jersey, not being exempt, should be treated as any other compensation paid for professional services rendered by either partner in the conduct of the partnership law practice, and included in the gross income of the partnership in order that it may be properly offset by the expenses, reflected in the partnership accounts, incident to the earning of that income. The petitioner would therefore be taxed upon his distributive share of such compensation.

*Judgment will be entered under Rule 50.*