RUSSELL E. WATSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60627. Promulgated January 18, 1935.

*John B. Molineux, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

SEAWELL: Petitioner and respondent are in disagreement as to the inclusion of $18,000 in petitioner's income for 1929, which inclusion results in a deficiency in income tax of $1,907.48. Petitioner alleges that said $18,000 was paid to him as an officer or employee of the State of New Jersey and is not taxable. Respondent traverses these allegations.

Petitioner at all times herein material was a lawyer, engaged in general practice at Brunswick, New Jersey. In 1928 the Legislature of New Jersey created a committee charged with the duty " to make a survey of all questions of public interest; to investigate violations of law and the conduct of any State, county or municipal official * * * department * * * board or body; to ascertain what departments or activities of the State may be curtailed or eliminated; to make a general survey of the finances of the State, counties and municipalities (except the Department of Banking and Insurance) ; and to report its findings and recommendations as a basis for legislative action." The committee was given power to

determine its own rules and procedure; and to employ necessary legal (and other) assistants; to compel the attendance of witnesses and the production of books, papers, and records; to administer oaths and examine witnesses. The members of the committee were allowed necessary expenses, but no salary. For the purpose of the investigation $25,000 was appropriated. Petitioner attended the first and subsequent meetings of the committee and took and subscribed an oath of office. The committee was organized June 14, 1928, and, except when on vacation as it was during August and until after Labor Day and during the Christmas holidays, served till April 1929, with some minor services thereafter. It had offices at Jersey City and Trenton, furnished by the state. Petitioner acted as general counsel during said time, with four other lawyers as assistant counsel. Petitioner kept in touch with his own private office and engaged, to an unknown extent, in his private practice. He did not use his own office or his office force in his work for the committee. He was usually told by the chairman subjects for investigation, and personally, and through his assistants, made various investigations, interviewed persons supposed to possess knowledge of importance, and reported the results of his investigations to the chairman and furnished him with lists of witnesses; and petitioner conducted examinations of the witnesses before the committee, the members of which also asked questions. About 350 witnesses were so examined and some 400 other persons were interviewed but not subpoenaed.

For the services rendered the committee petitioner was paid $18,-000 by the State of New Jersey in 1929, which he did not include in his income tax return for the reason that he considered it exempt from income tax.

If petitioner was an officer or an employee of the state and his services related to a governmental function and were rendered in that capacity, the $18,000 paid him for his services would not be subject to income tax. See *Helvering* v. *Powers*, 293 U. S. 214. He does not now press his claim that he was an officer, and we think correctly so, but he does contend that he was an employee. The burden, of course, is upon him to establish this claim. *Reinecke* v. *Spalding*, 280 U. S. 227, 233. There was no resolution of the committee or other writing to show his employment by the committee. The only evidence of any contract or of his previous engagement in any way to serve the committee was embraced in a conversation he had with Senator Case, a member of the committee, before the committee was organized, in which Senator Case outlined in a general way the scope of the committee's authority and its anticipated activities, and asked petitioner if he would serve the

committee as counsel, to which petitioner assented. There was no definite time fixed for beginning his service; or the kind of service, if any other than as counselor, to be performed; or whether the whole or only a part of his time was to be given; or whether he would serve for specified hours or be in control of his own time and serve at his convenience, or only when specially requested; or whether his service should be continuous, or for a definite particular transaction; or how or when his compensation would be fixed or paid; and other usual details of employment were absent. It is true petitioner testified that he considered his employment was for the life of the committee, but that the committee could dismiss him at its pleasure; and that he also considered the committee entitled to his entire time if required, but that he was at liberty to use his own time as he saw fit when not so required. Contracts are not made by unilateral understandings. The committee contained in its members some excellent lawyers, one of whom has since been promoted to the supreme court of the state. We allow ourselves to presume nothing from the absence of a definite resolution of the committee or other writing showing the employment of petitioner as counsel or because the report of the committee to the state senate and general assembly mentions the subject only by saying " The committee has been attended by Russell E. Watson as counsel * * *." Cases must be decided upon facts shown, having regard to the burden of proof.

The distinction between an employee and an independent contractor is not precise and it has often been the subject of sharp contest. *B. F. Martin*, 12 B. T. A. 267. One who receives income is normally taxable on it, and if he claims that by reason of some exception in the statute, or otherwise, he is exempt from the tax, he must by strict proof bring himself within the exception or his claim fails. *Charles A. Collin*, 1 B. T. A. 305; *Register* v. *Commissioner*, 69 Fed. (2d) 607; *Botany Worsted Mills* v. *United States*, 278 U. S. 282, 289, 290. The committee for which petitioner served as counsel had for its task and duty a special, definite service to perform. It embraced many angles, but the whole object was the ascertainment of designated information in reference to certain matters in New Jersey to be used as a basis for legislative action. So employed, petitioner was not an employee but an independent contractor. *Louisville, etc., Railroad Co.* v. *Wilson*, 138 U. S. 501. A lawyer employed to prosecute a class of individuals charged with offenses in reference to certain designated public matters has been held not an employee of the state which he served, but an independent contractor. *Commissioner* v. *Murphy*, 70 Fed. (2d) 790, which follows the decision of the Supreme Court in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. Cf. *George Z. Medalie*, 30 B. T. A. 1284.

A lawyer performing similar service to that which petitioner performed has been held "a free professional agent as to the nature of his services and the advice he would give." *Blair* v. *Byers*, 35 Fed. (2d) 326. Cf. *Burnet* v. *McDonough*, 46 Fed. (2d) 944.

Without undertaking to review the cases cited by petitioner and to point out the distinctions to be noted in the facts, we are of opinion, upon the state of the record, and so hold, that petitioner in the services rendered the legislative committee was not an employee but an independent contractor, and the sum paid him for his services is taxable as income to him.

*Judgment will be entered for the respondent.*