*1050 'OPINION.
Sea well:
There is no provision in the Revenue Act of 1928 specifically exempting from income tax the compensation received by the petitioner. To obtain the exemption claimed the petitioner must show *1051 that he is an officer or employee of a political subdivision of the Commonwealth of Pennsylvania. Commissioner v. Modjeski, 75 Fed. (2d) 468; Jeremiah Wood, 31 B. T. A. 1141.
The concession of counsel for the respondent that the districts were engaged in the exercise of an essential governmental function makes it unnecessary to discuss their governmental character. See Helvering v. Powers, 293 U. S. 214, in which the Court made the test “usual governmental functions” instead of “essential governmental functions.” The petitioner claims that he was an officer or employee of the respective districts during the taxable years, and not an independent contractor, as contended by the respondent.
There was express statutory authority for the appointments received by the petitioner as attorney for the districts. 62 Purdon’s Pennsylvania Statutes, sec. 211; 24 Purdon’s Pennsylvania Statutes, •sec. 216. In each case the appointment was for a term of one year. The Board of directors of the poor district could have terminated the services of the petitioner at any time, but the right of removal in the school directors was available only upon a showing, after hearing, if demanded, of “ incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.” 24 Purdon’s Pennsylvania Statutes, sec. 341.
The duties of the petitioner were continuous and embraced all the ordinary legal services required by the districts. The respective boards of directors had the right to demand all of the petitioner’s time for the rendition of services within the scope of his employment. The fact that they did not utilize all of his time and that the petitioner conducted a private law practice during his spare time is not controlling. Neither is it fatal to the petitioner’s claim that he relied on his own ability as a lawyer to carry out duties assigned him. Burnet v. Livezey, 48 Fed. (2d) 159; Robert Carey, 31 B. T. A. 839; Robert P. Bay, 28 B. T. A. 1169. There was present at all times the right to control the petitioner’s activities, which distinguishes an employee from an independent contractor. Metcalf & Eddy v. Mitchell, 269 U. S. 514.
The cases of Burnet v. Livezey, supra, and United States v. Butler, 49 Fed. (2d) 52, involved facts strikingly similar to those here. There the courts concluded that the taxpayers were employees and that the compensation they received for services rendered as attorneys for county commissioners in the case of Butler, and the Public Service Commission of West Virginia in the case of Livezey, was immune from tax. See also Jeremiah Wood, supra, in which a like ruling was made respecting an attorney to the Town Board of Hempstead, New York. We reach the same conclusion here with respect to the compensation the petitioner received each taxable year from the poor *1052 district and the school district. The fact that in addition to his salary the petitioner received fees for abnormal work is not material. United States v. Butler, supra; George H. Harlan, 30 B. T. A. 804.
Reviewed by the Board.

Decision will be entered under Rude 60.

SternhageN, Morris, McMahoN, and Matthews dissent.