HECTOR McGOWAN CURREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81826.   Promulgated August 14, 1936.

*John W. Townsend, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

MELLOTT: The issue, as succinctly stated by the respondent upon brief, is "whether the Federal Government, in asserting an income tax upon the amount received by this petitioner as Counsel to the Clerk of King's County, is in reality, attempting to tax an instrumentality of a state or a political subdivision thereof." If it is, the petitioner must prevail; for, as recognized by both parties, "* * * neither government may destroy the other nor curtail in any substantial manner the exercise of its powers. Hence, the limitation upon the taxing powers of each * * *." (*Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, and cases cited.)

Petitioner contends that he was an officer of King's County; in the alternative he contends that "if not an officer, he must in any event be considered as an employee of the county." Respondent argues that the relationship between petitioner and the county clerk was that of attorney and client, and that he was neither an officer nor an employee of the county but an independent contractor.

Much has been written by the courts and this Board upon the fundamental question in issue. Counsel for both parties, with commendable thoroughness, have cited many of the most pertinent cases, all of which have been considered; but in the interest of brevity we will refrain from discussing them in detail. We will limit our discussion to those which seem most important.

Petitioner relies most strongly upon the decision of this Board in *Jeremiah Wood*, 31 B. T. A. 1141. In that case petitioner, a lawyer, was employed by one of the towns (townships) of Nassau County, New York, as its counsellor. His duties were somewhat similar to those of petitioner, and consisted generally in advising with the town officers, conducting the litigation in which the town was involved, and performing "all the legal services which a town of that size and nature might require of its principal legal officer." It was held that, if he was not an officer—which was not definitely decided—he was at least an employee engaged in performing usual governmental functions, and the salary paid to him was held to be exempt from the Federal income tax.

Respondent cites *George H. Gabel*, 25 B. T. A. 60, in which the claimed exemption was denied. In that case the petitioner, who likewise was an attorney, represented and advised with a village and two separate school districts. He was paid a "retainer" for his general services and a per diem to cover other services. His time was his own and neither the village board nor the school boards had first call upon his services, or imposed upon him any restrictions as to the number of his clients. He attended to the business of the

various boards substantially as he attended to the business of any other client, which clearly justified the conclusion reached that he was an independent contractor, and that the compensation paid to him was not exempt from the Federal income tax.

Numerous cases have come before the courts and this Board in which a professional man has claimed that the compensation received by him for services rendered to a political subdivision was exempt. Uniformly, exemption has been denied where the facts showed that such services were rendered as an independent contractor. Typical cases are: *Lucas* v. *Reed*, 281 U. S. 699, an attorney employed by a state to conduct one piece of litigation; *Lucas* v. *Howard*, 280 U. S. 526, an attorney employed by cities under contracts for specific services; *Burnet* v. *Jones*, 50 Fed. (2d) 14; and *W. A. Franken*, 24 B. T. A. 39, an attorney employed as special counsel for a drainage district; and *George H. Gabel, supra*. As to architects, see *Emma B. Brunner, Executrix*, 5 B. T. A. 1135; *Clarence H. Johnston*, 14 B. T. A. 605; affd., 41 Fed. (2d) 1002; *R. Clipston Sturgis*, 10 B. T. A. 1394; *H. A. Underwood*, 20 B. T. A. 1117; *Underwood* v. *Commissioner*, 56 Fed. (2d) 67; *John E. Beaman*, 22 B. T. A. 1387; *John Reid, Jr.*, 28 B. T. A. 1217; and *Eric E. Hall*, 33 B. T. A. 953. As to engineers, see *F. A. Pease*, 30 B. T. A. 17; affd., 83 Fed. (2d) 122; and cases cited in *Eric E. Hall, supra*. Cf. *Donald Francis Campbell*, 33 B. T. A. 101, actuary for policemen's and firemen's benefit funds, and *Harry Goldstine*, 33 B. T. A. 173, real estate valuator.

The underlying principle of the cases, as recognized in the briefs filed with us, is that one employed in an isolated transaction, or to accomplish a specific object, being free to select the manner, means and instrumentalities to be adopted in completing the task undertaken, is not an officer or an employee but is an independent contractor. In such cases there is not present that control or right of control by the employer "which characterizes the relation of employer and employee." (*Metcalf & Eddy* v. *Mitchell, supra*.) Respondent argues that such control and right of control are lacking here, citing in that connection, the *Gabel* case, *supra*, and *Commissioner* v. *Modjeski*, 75 Fed. (2d) 468; certiorari denied, 295 U. S. 764; but we are of the opinion that no such holding is justified under the facts set out in our findings.

While it is true that petitioner was required to exercise, and did exercise, his independent judgment and best professional skill in rendering the services here involved, that is true in the majority, if not in all, of the cases where a professional man is employed. A chemist, bacteriologist, or technician in a laboratory, whether employed by a private industry or by a political subdivision, is required

to exercise his independent judgment and best professional skill in performing the task assigned; but he may nevertheless be an employee if his employer retains the right of control over his activities and can direct how and when he shall perform his work. If, however, either an industry or a municipality engages a technician to deliver to it a completed task, and exercises no control over the means or instrumentalities whereby the results sought are achieved, and has no right to exercise such control, then the relationship between the parties is that of independent contractor rather than employer and employee.

The courts and this Board have applied the above test in many cases and have held that even in the absence of the actual exercise of the right of detailed control, a professional man nevertheless may be an employee. Some of the cases are: *Charles J. Tobin*, 17 B. T. A. 1261; *Frederick A. Brown*, 22 B. T. A. 581; *D. F. Strickland*, 16 B. T. A. 419; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; *R. E. McIntosh*, 16 B. T. A. 1400; *B. F. Martin*, 12 B. T. A. 267; *W. B. Mathews*, 13 B. T. A. 1133; *Rosalie C. Rand, Executor*, 27 B. T. A. 182; *George H. Harlan*, 30 B. T. A. 804; affd., 80 Fed. (2d) 660; *Jeremiah Wood, supra; Joseph J. Sullivan*, 33 B. T. A. 629; *John B. Hittell*, 33 B. T. A. 276. The crucial test is the *right* to exercise control, which we believe the evidence clearly indicates the county clerk had as to this petitioner.

We are of the opinion that petitioner was an employee of a political subdivision of New York, engaged in a usual and essential governmental function. (See art. 643, Regulations 74.) We therefore hold that the compensation received by him during the taxable years before us was exempt and that respondent erred in determining the above deficiency.

*Judgment will be entered for the petitioner.*