COMMISSIONER OF INTERNAL REVE-
NUE v. SCHNACKENBERG.

SCHNACKENBERG v. COMMISSIONER
OF INTERNAL REVENUE.

Nos. 6076, 6077.

Circuit Court of Appeals, Seventh Circuit.

May 25, 1937.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Howard P. Locke, Sp. Assts. to the Atty. Gen., for Commissioner of Internal Revenue.

Elmer J. Schnackenberg, of Chicago, Ill., pro se.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The question presented by these two petitions to review decisions of the Board of Tax Appeals is whether the salary and compensation of the taxpayer, as general attorney for the South Park commissioners of Chicago, is a part of his taxable income. The answer depends upon, (1), whether the park commissioners, as a political subdivision of the state of Illinois, are engaged in the exercise of governmental functions; (2), whether the taxpayer is an officer of a subdivision of the state, or an independent contractor, and (3), whether there is any legal distinction between his salary as general attorney, as fixed by ordinance, and his compensation in certain cases, provided for by ordinance but the amount of which is fixed later on a per diem basis, in addition to his salary.

The South Park commissioners constitute a political subdivision of the state of Illinois, created by act of the Legislature, a corporate municipal body, endowed with the powers included within the act. It was created for the purpose of acquiring, by purchase or condemnation, and maintaining free parks for the city of Chicago, as pleasure grounds for rest and exercise in the open air. It was given power to manage and control certain parks, and to levy and collect taxes and to issue bonds. It governs, manages, and regulates the parks; passes ordinances and appoints officers, including a police force.

By general ordinance the corporation established three executive departments,

law, accounting, and operating, and provided that each should be in the immediate charge of a chief executive officer. Section (6) of the ordinance creates the office of general attorney and that of assistant general attorney, each to be appointed by a majority vote of the commissioners at the annual meeting, and to hold office for one year and until his successor shall be appointed and qualified, subject to removal at any time by the commissioners. The general attorney is the head of the department and, as such, has charge of all litigation to which the commissioners are a party. The law department is required to give information on all legal questions and to draft all instruments requested by the commissioners or by the Civil Service Board. The annual salary of the general attorney was fixed by resolution of the board, and it was provided also that he should be entitled to such additional reasonable compensation for services in condemnation and special assessment cases as should be allowed by the board from time to time upon bills presented to and approved by it. Compensation for all services rendered by the taxpayer in condemnation and special assessment cases was allowed and paid by the board at the rate of $50 per day.

As general attorney the taxpayer handled all law business of the corporation except such as he assigned to his assistant. This included trial of cases in the various courts of Illinois and of the United States, the drawing of tax levy ordinances and bond ordinances, compilation and amendment of the ordinances of the park board regulating the use of the parks and boulevards and providing penalties for the violation thereof, examination and determination of the validity of claims presented, preparing and approving forms of contracts and bonds to which the board was a party, including contracts concerning the construction of Soldiers' Field Stadium, the Planetarium, the Buckingham Memorial Fountain, the Rosenwald Industrial Museum, and the outer drive bridge over the Chicago river. He appeared in prosecutions for violations of ordinances, and attended all meetings of the board. All these services and others relating thereto were performed by him under and compensated for by his annual salary.

The services rendered by the taxpayer in connection with condemnation and special assessment cases included settlement of riparian rights owned by various shore owners and of claims for property taken for park purposes, including the filing of condemnation suits therefor and the trial thereof, preparation of special assessment proceedings for boulevarding certain streets and the carrying of said proceedings through the courts.

The taxpayer took no oath and furnished no bond. He performed his work in the offices where he carried on a general law practice.

Under the decision of the Supreme Court in Brush v. Commissioner, 57 S.Ct. 495, 500, 81 L.Ed. ——, decided March 15, 1937, there can be no question that the acquisition, maintenance and regulation of the parks in the district governed by this municipal corporation constituted exercise of governmental function. There the court said: "Certainly, the maintenance of * * * parks, and public buildings, to say nothing of other public facilities and uses, calls for the exercise of governmental functions." See, also, Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170.

It is insisted by the Commissioner, however, that the taxpayer was not an officer of the municipal corporation but rather an independent contractor. Under article 643 of Regulations 74, it is provided that "an officer is a person who occupies a position in the service of the state or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement." In Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 173, 70 L.Ed. 384, the court said: "An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation." Inasmuch as what contitutes an office, resulting in exemption under a federal statute, is a question for the national government, state decisions are only persuasive. However, we observe that by section 24 of article 5 of the Constitution of Illinois, an office is defined as "a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed." This is in accord with the federal rule as defined by the

Supreme Court in Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 173, 79 L.Ed. 291, as follows: "The term 'public office' undoubtedly implies a definite assignment of public activity, fixed by appointment, tenure, and duties."

The taxpayer was appointed by the board to the office of general attorney created by law, that is, by the ordinance of the board. He held office for a specific definite period and until his successor was chosen. He had a definite assignment to public activity, held a public position, his duties being established by law and regulations and not by agreement. The park board in enacting its ordinances had express authority from the state Legislature so to do and the resulting enactment became the governing law as to all matters within the jurisdiction of the board. That the taxpayer's office was created by law is evident from the fact that an ordinance is a local law, a rule of conduct prospective in its operation, applying to persons and things subject to the local jurisdiction. Southern Pac. Co. v. Western Pac. R. Co. (C.C.) 144 F. 160. Apparently every essential element of an exempt officer was present in his case.

We cannot agree that the taxpayer was an independent contractor. In Metcalf & Eddy v. Mitchell, supra, relied upon by the commissioner, the court observed that none of the engagements of the taxpayers was of permanent character; that their duties were prescribed by contract; that there was no law creating such offices as they contended existed and that they were, therefore, independent contractors. These facts clearly differentiate that case from the instant one. The same distinction exists in Consoer, Older & Quinlan v. Commissioner, 85 F.(2d) 461 (C.C.A.7), wherein the taxpayers entered into contracts for engineering services with various municipalities and received compensation for services in special assessment proceedings payable, not by the village, but out of the installment of assessments collected from the property owners under the Local Improvement Act of Illinois (Smith-Hurd Ill.Stats. c. 24, § 698 et seq.). In Campbell v. Commissioner, 87 F.(2d) 128, decided December 21, 1936, by this court, the taxpayer's compensation and duties were fixed by contract. He

made a proposal to the municipality which was accepted. Obviously he was not an officer or an employee but an independent contractor.

The present case is more like that of New York ex rel. Rogers v. Graves, 57 S.Ct. 269, 81 L.Ed. ——, decided January 4, 1937, where an attorney for the Panama Railroad Company was held to be an officer within the meaning of the law and regulations. The company being an instrumentality of the United States, his salary was exempt from the New York income tax law.

The Board of Tax Appeals concluded that the salary was exempt but that the compensation paid for services rendered in condemnation and special assessment proceedings were not, treating the additional compensation as an increase of salary forbidden by the Constitution of Illinois during the term of office. However, it should be observed that provision for the taxpayer's compensation, both as to salary and as to fees, was made prior to the beginning of the term of office and that no attempt was made to increase or decrease the same during the term of office. The State Constitution was not violated.

It is not essential that the amount of the compensation be ascertained before the services are rendered. Many officers receive compensation upon a fee basis, the amount to be derived from which is uncertain and cannot be fixed until the services have been rendered. Ramsay v. Van Meter, 300 Ill. 193, 133 N.E. 193. The services of the taxpayer were all of the same class. For a specific portion thereof, the salary was fixed in a certain sum; for the special services to be rendered, as provided by ordinance, in certain court proceedings, the number of which and the proper amount of compensation to be allowed in which were uncertain, the compensation was fixed after the services had been rendered. But all services were rendered as an officer in pursuance of law creating the office and defining the duties.

Accordingly the decision of the Board is reversed in so far as that body refused to extend the taxpayer exemption from the compensation over and above his salary. Its action in granting exemption as to his salary is affirmed.