*855 OPINION.
Black :
Under the facts detailed in our findings of fact we hold that petitioner was not an employee of Gregg County, Texas, after July 1, 1935, but was an independent contractor. Prior to July 1,1935, petitioner was county engineer of Gregg County and received a salary for his services of $4,200 per annum, of which he had received $2,100 when he resigned July 1,1935.
The Commissioner has not raised any question as to petitioner being an employee of Gregg County prior to his resignation as county engineer on July 1, 1935. The $2,100 paid to petitioner by Gregg County prior to July 1, 1935, is not involved in this proceeding, but the Commissioner has determined, and rightly so we think, that the $28,054.72, paid to petitioner for his services after July 1, 1935, and during the remainder of the year was paid him not as an employee of Gregg County, but as an independent contractor. Even prior to the Supreme Court’s decision in Graves v. People of State of New York, 306 U. S. 466, the Supreme Court had held that the compensation of an independent contractor paid to him by a state or a political subdivision thereof was not immune from taxation. Metcalf ds Eddy v. Mitchell, 269 U. S. 514. Cf. Joseph Strauss, 35 B. T. A. 673; aff'd., 97 Fed. (2d) 549; certiorari denied, 305 U. S. 639.
Therefore, under the doctrine announced by the Supreme Court in Metcalf & Eddy v. Mitchell, supra, we hold that petitioner’s compensation received in pursuance of the terms of his contract with Gregg County is not immune from taxation.
Petitioners in a reply brief filed with the Board subsequent to the enactment of the “Public Salary Tax Act of 1939”, urge the applicability of that act and that under its terms petitioners are not taxable on the $14,027.36 which the Commissioner has included in the income of each for the year 1937, because such amounts were received by petitioners prior to January 1, 1938. We think the “Public Salary Tax Act of 1939” has no application to the facts of the instant case. That act applies to “officers and employees” of a state or political subdivision thereof. There is no contention that petitioner Roy F. Davis was an officer of the State of Texas and we have held that he was not an “employee” of Gregg County, Texas, after he resigned as county engineer July 1, 1935, and entered upon his work as an independent contractor under the terms of the contract of July 1,1935. We do not regard the decision of the Supreme Court in Graves v. People of State *856 of New York, supra, and in Helvering v. Gerhardt, 304 U. S. 405, as having any especial application to the situation which we have here.
As we have already stated we regard Metcalf & Eddy v. Mitchell, supra, as the controlling authority and the “Public Salary Tax Act of 1939” was not intended to apply to that situation.

Decision will be entered for the respondent.