*1062 OPINION.
AeuNdell :
It now seems clear under Helvering v. Gerhardt, 304 U. S. 405, and Graves v. New York, ex rel. O'Keefe, 306 U. S. 466, that there is no constitutional objection to the Federal Government taxing the salaries of officers or employees of the several states. These decisions opened a new chapter and closed an old one. The Congress felt, however, that it would be unfair to apply this new interpretation of a constitutional principle to salaries received in past years and the Public Salary Tax Act of 1939 was enacted. (Public No. 32, 76th Cong., 53 Stat. 574.) The effect of that act is to apply the old test to salaries received from a state or subdivision thereof prior to January 1, 1939, as laid down in Metcalf & Eddy v. Mitchell, 269 U. S. 514.
*1063 Petitioner claims that he was an officer or employee of the State of Alabama, engaged in performing an essential governmental function. We think there can be no dissent from the fact that the collection of taxes is an essential governmental function. As establishing that he is an officer or employee, petitioner points to the commission he held as “Special Assistant Attorney General”, the taking of an oath of office, the long duration of his appointment, and the control exercised over him by Attorney General Knight and, more particularly, the control exercised by Attorney General Carmichael during the taxable years here involved. The respondent, in support of his argument that petitioner was a contractor rather than officer or employee, points to the fact that his duties, compensation, and tenure are fixed by contract and not by statute. He points to the fact that petitioner was to conduct his work from his own office, pay all expenses of operation, and work such hours as he saw fit, and was to receive for his services the equivalent of 20 percent of the delinquent taxes he collected. As pointing to the fact that petitioner was not an officer or employee, respondent observes that a large number of the cases were farmed out by petitioner to other lawyers who actually did the work on behalf of the state, and in these cases petitioner took one-third of the fee and gave active counsel two-thirds of the commission provided by the contract. During all this time petitioner remained a member of his law firm. In lieu of performing the usual active service he paid into the firm $6,000 from his state earnings and at the end of the year received his regular share of the partnership profits.
While the decisions of the Board and the courts are not altogether consistent in cases of this type, we agree with respondent that petitioner was not an officer or employee of the State of Alabama during the several years within the meaning of the Public Salary Tax Act. The compensation paid petitioner, which was fixed by contract and not by statute, was out of all proportion to the salaries paid to the regular officers of the state. (Alabama Code, secs. 754, 856.) La Rochelle v. Commissioner, 115 Fed. (2d) 878. Nor is it customary for state officers to be paid a commission based on what they can turn in to the state treasury, at the same time paying their entire operating expenses, continuing to occupy their own office, working such hours as they see fit, and receiving nothing unless they are successful in getting results, which, in this case, means collecting delinquent taxes. John Armistead, 42 B. T. A. 1430. Officers and employees of the state are paid for services rendered by them and are customarily not permitted to receive a commission on work performed by others. The practice of taking out their fees and remitting the balance to the state is certainly not customary with government or state officials. The fact that Attorney General Carmichael determined who would *1064 be associate counsel has no significance. It was patronage of a sort, as was the contract petitioner held.
But for the fact that petitioner received a commission ás Special Assistant Attorney General and took an oath of office, there would appear to be no merit whatsoever in his contention. But everyone who has a state commission is not an officer of the state within the meaning of the Public Salary Act. Commissioner v. Murphy, 70 Fed. (2d) 790; John T. Rowland, 40 B. T. A. 11; affd., 115 Fed. (2d) 504. Some authority had to be given petitioner in order that he might represent the state in the courts of Alabama. The very suits to collect the delinquent taxes were instituted in the name of the state or in the name of the attorney general of the state and some authority had to be given him to appear or else he would not have been recognized. When a lawyer in private practice represents a client he must first have authorization from his client, but this does not make counsel an employee of his client and this is true no matter how frequently counsel appears for his client or the number.of years over which the services extend.
Nor are we impressed with the so-called control exercised by the Attorney General. The fact that petitioner was in frequent consultation with the Attorney General is, in and of itself, of little importance. Quite naturally the Attorney General insisted that he be kept advised of what was going on and insisted that the taxpayers be not unnecessarily harrassed by needless lawsuits. The fact that the Attorney General required that he be consulted before taxes were settled or compromised for less than the amount due does not establish the control over petitioner that would serve to make him a state employee. Private counsel constantly consult with their clients when litigation is to be settled or compromised. The Federal Government has established an elaborate system of safeguards surrounding the compromise of tax cases. There is nothing in the record which establishes that petitioner did not carry on the work of collecting delinquent taxes in the manner dictated by his own judgment. There were general instructions to be followed, which is always required when public rather than private matters are being handled. It seems to us such instructions as were given were what to do rather than how to do the job.
It has been suggested that the $2,500 flat fee paid in 1937 for handling certain cases should, in any event, have a different treatment. There is not sufficient evidence in the record to differentiate.
In our opinion petitioner was not an officer or employee of the State of Alabama within the meaning of the Public Salary Act of 1939, and it follows that the compensation received by him from the State of Alabama was properly taxed.

Decision will be entered under Rule 60.