SUBURBAN TRANSPORTATION SYSTEM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62384, 68633, 72387.   Promulgated February 14, 1934.

*Paul R. Strout, C.P.A.*, for the petitioner.
*Willis R. Lansford, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: Petitioner's thesis is that the operation of the public schools is an essential governmental function and that the transportation of the pupils to and from school is a necessary incident thereto, citing *Burnet* v. *Coronado Oil & Gas Co.*, 285 U.S. 393; *State* v. *Randall*, 79 Mo. 226, 229; and *Jones* v. *Cody*, 132 Mich. 13. Thus it is urged that petitioner is engaged in carrying on an essential governmental function by reason of its agreements with Snohomish and King Counties, Washington, to transport children to and from school, and the income derived from this source it is claimed is immune from Federal taxation under the principles of law underlying our dual system of government, which prohibits the interference, by taxation or otherwise, of one government with the means, instrumentalities, and agencies of the other in the performance of its essential governmental functions.

The fundamental considerations underlying this subject have been so exhaustively considered by the Supreme Court of the United States, as well as by the other courts of the land and this Board, that it is believed little purpose would be served to again go over the ground in detail. The principle is well understood, but it is in determining the extent of its limits that there is difficulty.

As suggested in *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514, there is hardly a step that either the Federal Government or the states take that may not in some indirect way interfere with the activities of the other. For example, the Federal Government may so occupy a field of taxation that in a highly practical way the states are excluded, but that may not be regarded as such a direct interference as will make unconstitutional the levy.

The facts in the instant case, as recited in our findings, so nearly fit the facts as they appear in *Metcalf & Eddy* v. *Mitchell*, *supra*,

that we have no doubt that our decision must be controlled by that case. We quote briefly from the Court:

\* \* \* any taxation by one government of the salary of an officer of the other, or the public securities of the other, or an agency created and controlled by the other, exclusively to enable it to perform a governmental function (*Gillespie* v. *Oklahoma,* supra), is prohibited. But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way. \* \* \*

\* \* \* \* \* \* \*

But we do decide that one who is not an officer or employee of a state, does not establish exemption from federal income tax merely by showing that his income was received as compensation for services rendered under a contract with the state; and when we take the next step necessary to a complete disposition of the question, and inquire into the effect of the particular tax, on the functioning of the state government, we do not find that it impairs in any substantial manner the ability of plaintiffs in error to discharge their obligations to the state or the ability of a state or its subdivision to procure the services of private individuals to aid them in their undertakings.

The services rendered by petitioner are those of a private contractor; it is neither an officer nor an employee of the State of Washington or any of its political subdivisions; it has neither attempted to show nor does it claim that to tax it would in any manner interfere with or impair its ability to discharge its obligation to the school districts or the ability of the school districts to procure the services of private individuals to transport the children back and forth between the schools and their homes.

We regard as of no significance in deciding the issue before us the fact that in the year 1931 certain of the petitioner's busses were leased by the school districts to avoid payment of a state automobile license. The busses were still owned and operated by petitioner.

As the income received by the petitioner from the school districts of Snohomish and King Counties, Washington, is properly subject to income tax, it follows petitioner is entitled to deductions for ordinary and necessary expenses and depreciation of its busses. The parties are in agreement upon the amount of permissible deductions, except depreciation. No evidence was offered on the question of depreciation; consequently, the respondent's determination, allowing only part of the amount claimed, must be sustained.

*Decision will be entered under Rule 50.*