EDWARD H. WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69968.   Promulgated February 27, 1934.

*John A. Conlin, C.P.A.,* for the petitioner.
*C. A. Ray, Esq.,* for the respondent.

OPINION.

TRAMMELL: Since neither of the parties has submitted a brief, their respective positions are determinable only from the pleadings. The only error assigned by the petitioner in the petition is the " improper inclusion for Federal income tax purposes of State receivership fees received in the sum of $35,000." This assignment of error is denied by the respondent in his answer. Among the facts relied on by the petitioner as the basis of the proceeding as stated in the petition is the following: " There is no provision under the Federal Statute by which State receivership fees are subject to Federal income tax." This also is denied by the respondent in his answer. The petitioner's prayer for relief is as follows:

Wherefore, the petitioner prays that this Board may hear this proceeding and determine that petitioner is not subject to Federal income tax upon:

State receivership fees received August 8, 1930 in the sum of $35,000.00

Reference: David K. Cochrane, 26 B.T.A. 1167.

The Revenue Act of 1928 provides as follows:

SEC. 22. GROSS INCOME.

(a) *General definition.*—" Gross income " includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid * * * and income derived from any source whatever.

The language of the act is broad and comprehensive and since there is no governing statutory provision in the income tax laws relating to the exemption or exclusion of the income of a state officer or employee for 1930 or for any year subsequent to 1924 (see sec. 1211, Revenue Act of 1926), any exclusion or exemption of the fees in controversy must rest upon constitutional grounds.

The General Corporation Law of New Jersey, Revision of 1896, with supplements and subsequent acts, provides as follows:

53. *Continuance of corporate existence for settling up business.*—All corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

54. *Directors to be trustees on dissolution; powers and duties; filling vacancies on board.*—Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and, convey the property and divide the moneys and other property among the stockholders, after paying its debts, as far as such moneys and property shall enable them. * * *

56. *Receiver; appointment; application; powers and duties.*—When any corporation shall be dissolved in any manner whatever, the court of chancery, on application of any creditor or stockholder at any time, may either continue the directors trustees as aforesaid, or appoint one or more persons to be receivers of such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation or otherwise, all suits necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of its unfinished business; and the powers of such trustees or receivers may be continued as long as the court shall think necessary for such purposes.

57. *Receiver; jurisdiction of court of chancery.*—The court of chancery shall have jurisdiction of said application and of all questions arising in the proceedings thereon, and may make such orders and decrees therein as justice and equity shall require.

58. *Receiver; duties.*—The said trustees or receivers shall pay ratably, as far as its moneys and property shall enable them, all the creditors of the corporation who prove their debts in the manner directed by the court; and if any balance remain after the payment of such debts and necessary expenses, the same shall be distributed among the stockholders.

67. *Receiver; bond, oath; filing.*—Every receiver shall before acting enter into such bond and comply with such terms as the court may prescribe, and

take and subscribe the following oath or affirmation: " I, —————— ——————,
do swear (or affirm) that I will faithfully, honestly and impartially execute
the powers and trusts reposed in me as receiver, for the creditors and stock-
holders of the ——————, and that without favor or affection, * * *."

We will first consider the question of whether the petitioner was
an officer of the State of New Jersey. With respect to the terms
" office " and " officer " the Supreme Court in *Metcalf & Eddy* v.
*Mitchell*, 269 U.S. 514, said:

> An office is a public station conferred by the appointment of government.
> The term embraces the idea of tenure, duration, emolument and duties fixed
> by law. Where an office is created, the law usually fixes its incidents, including
> its term, its duties and its compensation. *United States* v. *Hartwell*, 6 Wall,
> 385, 18 L.Ed. 830; *Hall* v. *Wisconsin*, 103 U.S. 5, 26 L.Ed. 302. The term
> " officer " is one inseparably connected with an office.

With respect to the status of the plaintiffs in that case the Court
said:

> There were lacking in each instance the essential elements of a public station,
> permanent in character, created by law, whose incidents and duties were
> prescribed by law.

Considering the situation with respect to the petitioner in the
light of the foregoing statements of the Supreme Court, we must
conclude that he was not an officer of the State of New Jersey. The
New Jersey statute relating to the appointment of receivers does not
purport to create the office of receiver nor does it designate as an
officer one performing the work of a receiver. It prescribes no par-
ticular period of time with respect to the duration of the work of
a receiver nor does it fix the amount of compensation to be paid him
for his services. His duties are prescribed only in the most general
manner. While it provides that every receiver before acting in that
capacity shall take a certain oath, there is nothing to indicate that
such oath is intended as an " oath of office ", as that term implies that
there is an office and that the oath relates to it. Although the peti-
tioner's services appear to have been rendered over a period of sev-
eral years, they were temporary and indefinite in character and were
dependent upon the nature and size of the particular receivership
involved. As an appointee of the court, he was subject to its orders
with respect to his length of service. The statute conferred upon
him as receiver broad powers to be used in his discretion, subject
however to the approval of the court. His authority was restricted
to specific matters. He served only as an aid or assistant to the
court in the discharge of its judicial duties. *Fleming* v. *Bowers*,
11 Fed. (2d) 789; aff'd., 27 Fed. (2d) 128. The amount of the peti-
tioner's compensation was wholly indefinite and depended upon the
character and magnitude of the case and was subject to the orders
of the court. While the petitioner's fees as receiver were paid out of

the funds of the New Jersey Refrigerating Co., a private corporation, this fact alone is not conclusive that the petitioner was not an officer of the state, *David K. Cochrane*, 26 B.T.A. 1167, yet under the circumstances here involved, it is persuasive. *Miller* v. *McCaughn*, 22 Fed. (2d) 165; affd., 27 Fed. (2d) 128. While the petitioner has relied on the *Cochrane* case in support of his position here the facts in that case are readily distinguishable from those involved in the instant proceeding.

Nor do we think the petitioner was an employee of the State of New Jersey. The statute providing for the appointment of receivers discloses no intention of making them employees of the state.. It merely accorded legal recognition to such assistants as the court might designate to aid it in the discharge of its duties in the particular class of cases with respect to which the petitioner's services were rendered. Although the petitioner, under the supervision of the court, undoubtedly exercised broad powers, his exercise of such powers was not in the capacity of one in the employ of the state, but of one who had been designated by the court to aid it in carrying on its work. A receiver appointed by a Federal court has been held not to be an employee of the Federal Government, *Fleming* v. *Bowers, supra*. Similarly, we find nothing in the situation here presented that warrants the reaching of a different conclusion with respect to a receiver appointed by the Court of Chancery of New Jersey being an employee of the State of New Jersey.

The administration of the law through court procedure is, unquestionably, an essential governmental function and the courts are an agency or instrumentality of the sovereign under which they function. They are an agency or instrumentality through which such sovereign immediately and directly exercises its sovereign powers. As was pointed out in *Metcalf & Eddy* v. *Mitchell, supra*, state agencies of this character are immune from taxation by the Federal Government. In their administration of the law the courts may require as an aid in the discharge of their duties the services of many persons such as guardians, administrators, custodians, special commissioners, special accountants, engineers, and attorneys who are neither officers nor employees of the state under which the court functions. Unless under the terms of the appropriate controlling statutes those persons can be deemed to be an agency through which the state immediately and directly exercises its sovereign powers, they are not entitled to exemption from Federal income tax. *Metcalf & Eddy* v. *Mitchell, supra; Lucas* v. *Howard*, 280 U.S. 526; *Lucas* v. *Reed*, 281 U.S. 699; *Miller* v. *McCaughn*, *supra; New York Trust Co.* v. *United States*, 63 Ct. Cls. 100; certiorari denied, 274 U.S. 756. In the instant case the services rendered by the petitioner, while in the furtherance of the administra-

tion of justice, were not such as to make his position an integral part of the judicial system of New Jersey. The immediate and direct functioning of the judicial system of that state was in the hands of another or others and not in the hands of the petitioner. The part he played in the functioning of that system was indirect and somewhat removed from it. In view of the foregoing we conclude that the services rendered by the petitioner were not of such a character as to render the compensation received therefor immune from the Federal income tax.

The petitioner being neither an officer nor an employee of the State of New Jersey, nor an agency or instrumentality through which the state immediately and directly exercised its sovereign powers, we do not perceive the imposition of any burden upon the state in the exercise of its sovereign powers by the subjection to the Federal income tax of the amount of the fees involved herein. Clearly, under the taxing act the income received by directors of a corporation, who were trustees in dissolution of the corporation but not serving under court appointment, for services rendered in the liquidation of the corporation's affairs would be subject to the income tax. This being true, we are unable to see where the subjection to income tax of the compensation of a receiver under the circumstances presented in the instant case would work any hindrance or interference upon the state in obtaining the services of competent persons as receivers.

In view of the foregoing the action of the respondent in including the fees in question in the petitioner's taxable income is sustained.

*Judgment will be entered for the respondent.*