GARDNER ABBOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59969. Promulgated March 29, 1934.

*Gardner Abbott, Esq.*, pro se.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

MORRIS: This proceeding is for the redetermination of a deficiency in income tax of $2,542.59 for the calendar year 1929, the proposed imposition of which the petitioner contests on the ground that the respondent erred (a) by including in his taxable income for that year compensation paid to him as a receiver of the Thistledown Co., duly appointed as such by the Common Pleas Court for Cuyahoga County, Ohio, and (b) in finding that payment by him of the amount of such compensation to the partnership of Tolles, Hogsett & Ginn, of which he was a member, was not a deductible business expense for that year.

The petitioner, an individual, resident of Cleveland, Ohio, is a member of the law firm of Tolles, Hogsett & Ginn, engaged in the practice of law in that city.

At some time prior to 1929 the petitioner was appointed receiver of the Thistledown Co. by the Common Pleas Court for Cuyahoga County, Ohio, and as such receiver he received compensation of $8,475 during the taxable year 1929, which sum was allowed by the Common Pleas Court. He turned over to the aforesaid law firm, under his partnership contract, the $8,475 so received by him.

The firm of Tolles, Hogsett & Ginn, filed a partnership return of income for the calendar year 1929 showing each partner's distributive share of the income of the firm, including the petitioner's, and, presumably, though the record does not so show, the amount of such compensation turned over to it by the petitioner was included in gross income in such return.

The petitioner filed an individual income tax return for the calendar year 1929 and in that return he deducted the amount of $8,475, as a business expense, in the computation of his net taxable income, on the theory that such sum having been surrendered to the partnership under his partnership contract, the surrender thereof constituted a business expense to him.

Upon the foregoing facts the petitioner contends that the compensation received by him as receiver was exempt from income tax imposed by the United States, it representing compensation to a state officer or employee for his services in connection with the exercise of an essential governmental function.

Even assuming that the petitioner's premise is sound, that is, that a receiver appointed by a state court under certain circumstances may be regarded as an officer or an employee of a political subdivision, entitled to the exemption here claimed, we are, neverthe-

less, compelled to say that the facts adduced are wholly insufficient to permit us to so classify him. As far as the evidence goes, however, the facts are practically identical with those found in *Edward H. Wright*, 29 B.T.A. 1267, wherein we held that fees received by that petitioner, representing compensation for services rendered as a receiver under appointment of the Court of Chancery of the State of New Jersey, were not exempt. So that, in any event, the respondent's determination must be approved in this particular.

There seems to be no dispute between the parties as to whom the amount in controversy should ultimately be taxed, if found not to be exempt under the statute, that is, whether it may be taxed in its entirety to the petitioner or whether it should be included in the gross income of the partnership, which appears to have been done, and taxed to the individual partners upon their distributive shares thereof. In fact, as we understand it, this income as such was never included in the petitioner's return at all. Nor has it been included therein by the respondent. In other words this is not a case where the income was included in the gross income of this petitioner, on the one hand, which is sought to be eliminated therefrom through the medium of a deduction, on the other, resulting in a dispute between the parties as to whether the income as such was properly so eliminated from the determination of net taxable income. The petitioner's claim is simply that he has suffered a business expense by the payment to the partnership of the amount which he received as a receiver, which should be deducted from his gross income.

A statement of the issue would seem sufficient to demonstrate the fallacy of the petitioner's claim. The act of surrendering fees which he had earned, as a lawyer, to the partnership of which he was a member and for which he was accountable under his partnership agreement involves not a semblance of expense. It constitutes merely the pooling of the fruits of his individual efforts preparatory to a division thereof together with the fruits of the efforts of his co-workers in some agreed ratio. What transpired here is not infrequently the practice where a lawyer is employed by a client to perform a particular service, personally, and where, upon the completion of his task, the client compensates him, personally, either in cash or otherwise. Naturally, if he is a member of a copartnership, it is his duty, in the absence of an agreement to the contrary, to surrender such fees to the partnership fund. The partnership should include them in its gross income, and the partners are taxable on their distributable shares of the partnership net income without any deduction for amounts individually earned which become a part of the partnership income.

*Judgment will be entered for the respondent.*