EDGAR N. FINN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71397. Promulgated October 25, 1934.

*H. Edward Shulman, Esq.*, for the petitioner.
*Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

MORRIS: The respondent having determined a deficiency in income tax of $5,706.99 for the calendar year 1930, the petitioner brings this proceeding for the redetermination thereof, alleging error by reason of the failure of the respondent to exempt the sum of $59,030 from taxation, representing compensation received by the petitioner from the city of New York for his services as an expert appraiser.

The petitioner, an individual, a resident of the city of New York, is, and has been for 31 years, an expert real estate appraiser, and for approximately 23 years of that time he has been doing such work for the city of New York in condemnation proceedings instituted by its corporation counsel by virtue of its power of eminent domain. He has been employed in at least 100 of such proceedings—during the last nine of such years he has been " continuously " so engaged.

The petitioner's duties—he having first been employed by the corporation counsel upon a specific assignment, which he performed under the direction of said corporation counsel—covered appraisals in connection with various types of improvements; subways, school sites, playgrounds, street openings, water supply, and properties of any character acquired by the city of New York for public use. Having been so employed, the petitioner is supplied with a blueprint of the property to be acquired and each and every one of the properties covered thereby is personally examined and valued. He is also required to make examinations of the properties from time

to time in order to keep informed of the various changes that may take place from the institution of a proceeding until such proceeding is finally disposed of by the court before which such matter is brought. A complete record is made of the appraisal and delivered to the corporation counsel at various stages of the proceeding, together with a complete record from the register's office of every real estate transaction within a radius of five blocks in either direction of the properties to be acquired for a certain period. During the various stages of the condemnation proceedings, consuming from several months to several years, there are constant and frequent conferences with the assistant corporation counsel in charge of the particular proceeding. The proceeding is then set for trial in the county where the property is located. During the trial he is required to be in attendance throughout the entire period that he may advise the corporation counsel from time to time on different phases of the transaction from an expert's point of view. He, himself, is called to testify on each appraisal and is required to submit himself to cross-examination by the claimants in the matter.

Although the corporation counsel prescribed the duties to be performed by the petitioner, no one had jurisdiction over the actual work to be accomplished.

His fees for such work were upon a per diem basis. A particular proceeding having been concluded by judicial disposition, a bill was rendered to the corporation counsel showing the number of days engaged thereon, the character of the work performed, such as conferences, views, valuations, examinations, investigations, etc., which was passed upon by the corporation counsel and returned to the comptroller for payment in due course. Payment, however, was not always prompt. For instance, the income which the petitioner reported in 1930 was in payment for services extending over approximately six years from 1925 to 1930. This delay is occasioned by reason of the fact that in some instances the court delays the signing of the final decree or, as is very often the case, there are objections to the award, thereby delaying consummation of the proceeding.

He took no oath of office. His employment was under oral agreement with the corporation counsel but was for no specified period of time, the period being governed by the circumstances of each particular proceeding. Though he could have accepted other appraisal employment if the period of his engagements with the city of New York had lapsed for sufficient space of time—there being no prohibition against so doing—he regarded it as unethical to do so while continuously engaged for the city.

He maintained his own office, though he had the privilege of desk space in the corporation counsel's office. He employed, at his own

expense, one assistant who assisted with investigations and the laying out of maps and the performance of other duties which he did not have time to do personally.

He prepared and filed his income tax return upon the basis of cash receipts and disbursements.

He received $59,030 from the city of New York in 1930 for the services rendered in said condemnation proceedings, which he claims was exempt from taxation by reason of having been paid to him as an employee of a political subdivision of the State of New York.

The respondent has included the aforesaid amount in the petitioner's taxable income for said year on the ground that he was " an agent of the court required to render a specific service needed in connection with condemnation proceedings " and was therefore " not an officer or employee of the City of New York," and for the further reason that such services were not continuous but occasional and temporary.

Article 643 of Regulations 74, promulgated under the Revenue Act of 1928, provides as follows:

ART. 643. *Compensation of State officers and employees.*—Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, including fees received by notaries public commissioned by States, is not taxable. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (a) the person receives such compensation as an officer or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function. The commissions of receivers appointed by State courts are subject to tax for 1928 and subsequent taxable years.

An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * *

The petitioner's counsel has asked the Board to take judicial notice of the Greater Charter of the City of New York as amended, and, particularly, certain chapters thereof relating to the opening of streets, the acquisition of lands for public use, contracts and local improvements, the duties of the borough president regarding such improvements, powers of local courts concerning local improvements, the authority of the board of estimate and apportionment to change the map or plan of the city for laying out new streets, bridges, and tunnels, etc., the power of department of water supply and the board of estimate and apportionment to select a department of water supply, the duty of the corporation counsel to take proper steps for

the condemnation of land for the supplying of water, the creation of the office of said counsel empowering him to appoint assistants, clerks, subordinates, requisite to the discharge of the business of that department to prosecute and defend matters appertaining to such condemnation proceedings.

In order to obviate a detailed and unnecessary discussion of the foregoing provisions, to which our attention has been directed, we are willing to concede, for the purposes of this proceeding, the power of eminent domain vested in the city of New York and its right thereunder to condemn land for public use; the creation of the office of corporation counsel and his power and duty to proceed in behalf of the city in such condemnation proceedings and, furthermore, his right to employ necessary assistants, including appraisers.

We are of the opinion that the petitioner was neither an " officer " nor an " employee " within the meaning of the decided cases, of which there are many. Nor do we deem it necessary to enter into a discussion of such cases, for the reason that we are convinced after a review of the facts and application of the well established principles laid down therein that the petitioner was merely an independent contractor. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Frank H. Mesce*, 64 Ct. Cls. 481; certiorari denied, 278 U. S. 612.

The petitioner had practiced his profession for a period of about 31 years, about 14 of which he was occasionally, and about 9 of which he was " continuously ", engaged by the city of New York. He maintained independent office quarters and employed an assistant to aid him in his practice, both of which were at his expense. He took no oath of office, and, notwithstanding the argument of the petitioner's counsel to the contrary, he was free to accept other concurrent employment, but did not do so, as he explained, for ethical reasons. A more cogent reason, however, would seem to be that he was kept sufficiently busy upon work assigned to him by the corporation counsel; had he not been, the witness testified, he would have been at liberty to accept other employment. While he testified that he had been continuously employed by the city for a period of nine years, the record shows that each appraisal was a separate project, hence a separate contract of employment. Therefore, we do not construe this testimony to mean—because of the constant and repeated demands for his services over that period of time—that he has been continuously employed within the meaning of the decided cases. He was not appointed for any definite period of time, for, as he testified, no one knew how long any particular proceeding would take. While he was subject to call from the office of the corporation counsel in matters pertaining to his employment as an expert appraiser, the record does not show that he was required to devote his entire time in the service of the city, irrespective of whether there

was appraisal work to be done or not. He was paid on a *per diem* basis for services actually rendered upon appraisal work and matters incident thereto. If there were no appraisals requiring his time, he was free to do as he pleased therewith, without prejudice to his position.

The record shows, and of which we are satisfied, that after the petitioner was appointed to a specific project, furnished with a blueprint and given instructions as to what was to be accomplished in a given proceeding, he was absolutely free to use his own judgment and discretion in the performance of his assignment, provided, of course, that such assignment was executed according to the best standards of his profession.

In addition to the foregoing factors, and in conclusion, it is noteworthy that the petitioner was not compensated for his services at regular intervals of time as in the case of an ordinary employee. As his work was completed, a bill was rendered showing the number of days engaged and character of the work performed, which was subject to approval or disapproval by the corporation counsel. At the conclusion of proceedings, which lasted from several months to several years, the bill as rendered and approved was paid by the comptroller. For instance, the income in controversy was received in 1930 in payment for services rendered over a period of approximately six years.

*Judgment will be entered for the respondent.*