HARRY GOLDSTINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63391, 69590, 73527.   Promulgated October 10, 1935.

*John G. Weisbach, Esq.*, for the petitioner.
*Paul D. Page, Esq.*, for the respondent.

**176**

MELLOTT: Petitioner contends that the compensation received from the Board of Local Improvements of the city of Chicago, is exempt from the Federal income tax. He bases his contention on the doctrine, often enunciated by the courts, that the Federal Government may not interfere with the exercise of an essential governmental function by the state through taxing the agencies of the state. The rule is well settled and not difficult to understand, but its application to a particular set of facts has given the courts and this Board some difficulty.

The rule is recognized by respondent. By regulations duly enacted, he has provided for the exemption in a proper case, as follows: " * * * compensation received for services rendered to a State or political subdivision thereof, is included in gross income unless (a) the person receives such compensation as an officer or employee of a state or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function * * *." (Art. 88, Regulations 69; Art. 643, Regulations 74.)

It is, therefore, essential for this petitioner to show, first, that he was an officer or employee and, second, that the services were rendered in connection with an essential governmental function.

It is not seriously contended that petitioner is an officer, but in the brief and reply brief submitted by him it is earnestly argued that he " was an employee."

It is contended that the Board of Local Improvements is an executive branch of the city government, performing an essential or ordinary governmental function. It is doubtful if we should so hold, in the face of the well reasoned decision by the Seventh Circuit in the case of *Lyons* v. *Reinecke*, 10 Fed. (2d) 3. However, we do not deem it essential to determine the question in this case, being content to rest our decision upon other grounds.

Petitioner is not entitled to the immunity unless he brings himself clearly within the rule under which exemption can be allowed. The mere fact that he received compensation from the board is not sufficient. Private citizens engaged in the practice of a profession or the conduct of a business frequently enter into contracts with the Government from which they derive a profit. In such cases, the income so received is not exempt.

But it is contended that petitioner was an *employee*, and in support of that contention the fact that he was paid by the day (consisting of five hours) is stressed. Let us see.

One item in controversy is $2,000, paid by check dated July 26, 1929. This was in connection with services rendered in the case of B. A. Eckhart, and consisted of " examination of property, conferences with corporation counsel and witnesses, and court attendance." This particular voucher did not purport to cover any particular time, number of days or hours, or to be based upon anything other than the value of the services rendered. Clearly as to this item petitioner was merely an independent contractor.

Should a different conclusion be reached as to the compensation paid for services rendered on a per diem basis for supervising the work of other appraisers, consulting with the legal department, and assisting in the preparation of cases for trial? In that connection petitioner cites *United States* v. *Butler*, 49 Fed. (2d) 52, and especially the following language of the court:

That he indulged to some extent in private practice is immaterial. It is quite usual for attorneys occupying public positions to engage in private practice if time and opportunity permit.

In our opinion, the facts in this case are not similar to the facts in the *Butler* case. In that case the taxpayer, employed by a board of county commissioners to represent it as its legal advisor, was carried on the pay roll of the board and was paid his salary monthly. He was continuously under the direction and control of the board, and frequently advised with, and received instruction from, it. He was required to represent the county in all matters of a legal nature,

and was expected, without express orders from the board, to represent and defend the county in all such matters.

An entirely different situation is shown here. Petitioner was not "on the pay roll." All of his compensation was received upon vouchers, detailing the work performed by him—"examination of property; conferences." Each voucher also made specific reference to the project in connection with which the services were rendered—"Re widening Robey Street"; "Re widening Ashland Avenue"; "Re widening Western Avenue"; "Re widening Damen Ave."; "Re Magnolia Sewer", etc. Some of the vouchers were for "13 days of 5 hours each at 100 per day, 1300. 65 hours overtime at $20 per hour, 1300, total $2,600." Some vouchers cover only parts of a month—periods of one week or two weeks—and others 25, 26, or 27 days.

The following vouchers are submitted in connection with the widening of Robey Street:

| | | | |
|---|---|---|---|
| May 1, 1929 | $1,300 | Feb. 1, 1930 | $2,600 |
| July 1, 1929 | 2,500 | Mar. 1, 1930 | 2,200 |
| Aug. 1, 1929 | 2,600 | Apr. 1, 1930 | 2,600 |
| Sept. 3, 1929 | 2,700 | May 1, 1930 | 2,600 |
| Oct. 1, 1929 | 2,400 | June 2, 1930 | 2,600 |
| Nov. 1, 1929 | 2,700 | July 1, 1930 | 2,500 |
| Dec. 2, 1929 | 2,500 | Aug. 1, 1930 | 2,600 |
| Jan. 2, 1930 | 2,500 | | |

Other vouchers were submitted in connection with other projects.

In the case of *Edgar N. Finn*, 31 B. T. A. 439, we held that the compensation of an expert real estate appraiser for the city of New York was not exempt, following *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, and *Frank H. Mesce*, 64 Ct. Cls. 481. We see no reason to do otherwise in this case.

Petitioner having failed to establish facts showing he is entitled to exemption, it follows that respondent's determination of the deficiency should stand.

*Judgment will be entered for the respondent.*