HARRY D. KREMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 50359.   Promulgated November 12, 1934.

*Harry D. Kremer, Esq.*, pro se.
*H. D. Thomas, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner's services to the state, county, and city were rendered in connection with the exercise by each of an essential governmental function peculiar to sovereignty. The Commissioner does not contend to the contrary. There was no statutory provision for the employment of an attorney by the revenue agents. The petitioner, on his part, has conceded that he was not an officer of the state or any political subdivision thereof. Cf. *J. F. Roberts*, 13 B. T. A. 438; affd., 44 Fed. (2d) 168; *Lucas* v. *Reed*, 281 U. S. 699, in effect affirming 13 B. T. A. 513. The question presented and argued is whether the petitioner was an independent contractor with

the state, county, and city, or whether he was an employee whose compensation could not be subjected to tax without imposing a burden upon his sovereign employer and interfering with the exercise of an essential function. No general rule has ever been laid down for the solution of such questions. Recourse must be had to the reason upon which the rule rests and the decision of each case must then be reached upon the facts in that particular case. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Burnet* v. *Livezey*, 48 Fed. (2d) 159. It will not be necessary in this case to enter into an extended discussion of underlying principles or to review the many cases on the subject. The Commissioner has held that this petitioner's income from these three sources was subject to tax. The petitioner has offered proof for the purpose, not only of overcoming the presumption of correctness attaching to the Commissioner's determination, but of showing further that he was in each instance an employee rather than an independent contractor.

It seems pretty clear that the petitioner was not an employee of Kenton County or of the city of Louisville and that the compensation received by him from these two political subdivisions was properly subjected to tax by the Commissioner. He entered into two contracts with the county. His services were sought in each instance for the purpose of accomplishing a particular result. *Louisville, Evansville, & St. Louis R. R. Co.* v. *Wilson*, 138 U. S. 501; *Haight* v. *Commissioner*, 52 Fed. (2d) 779. He was engaged only temporarily and, apparently, because of some special knowledge which he had relating to a certain group of taxpayers. Cf. *B. F. Martin*, 12 B. T. A. 267. He was required to use his judgment and professional skill to bring about a desired result. *Metcalf & Eddy* v. *Mitchell*, *supra*. The same was true of his relations with the city of Louisville. He did not devote all or even the principal part of his time to the work of the county or city and neither had first call upon his services. Cf. *Underwood* v. *Commissioner*, 56 Fed. (2d) 67. He maintained his own office, employed his own office force, and paid his own expenses. Cf. *Underwood* v. *Commissioner*, *supra*. He chose the time and manner in which the work was performed, and the control to which he was subject was not inconsistent with the relation of attorney and client. The facts of record indicate that the petitioner was an independent contractor with Kenton County and the city of Louisville. Cf. *R. E. L. Johnson*, 25 B. T. A. 359; *J. F. Roberts*, *supra*; *Lucas* v. *Reed*, *supra*.

The question of the taxability of the amounts which he received from the revenue agent for services performed for the state is somewhat closer. The state had first call upon his services, and the larger part of his time was devoted to state work. He was required to give bond. He was engaged for a definite period and could only be

removed during that period by the revenue agent for cause. His work has been continuous. He was not engaged to handle an isolated case or group of cases. He was not left entirely to his own devices to accomplish a desired result. Cf. *Matthews* v. *Commissioner*, 29 Fed. (2d) 892. Instead, he was required to submit his work at times for approval by the revenue agent and the state tax commission. He testified that the revenue agent and the state tax commission supervised, directed, and controlled his work. But the extent of this supervision, direction, and control was not explained as fully as it might have been. Cf. *Haight* v. *Commissioner, supra.* However, his general statement was not contradicted. The above facts and other facts which might have some tendency to show that he was an employee of the state have not been overlooked. Nevertheless the evidence as a whole tends to support the Commissioner's determination. There was no statutory provision authorizing the revenue agent at large to employ an attorney. Yet he needed attorneys and he entered into a contract with the petitioner. Thus the terms under which the petitioner was engaged to render services were fixed by contract and not by law. Cf. *Edward M. Lynch*, 30 B. T. A. 727. The revenue agent engaged him and paid him. His compensation for each case which he handled successfully was computed separately. He received nothing for work which did not result in the collection of taxes. The petitioner maintained his own office, employed his own office force, and paid his own expenses. Cf. *Underwood* v. *Commissioner, supra.* He usually selected the work which he was to do and chose his own time for doing it. His training, skill, and judgment determined the way in which the work was done. The revenue agents were not attorneys. It does not appear that the state tax commissioners were attorneys, neither does it appear that the supervision, direction, and control exercised by these agencies over the petitioner was inconsistent with the relationship of attorney and client.

The petitioner also argued that his income from these three sources would not be taxable because in each instance he acted as an agency of a political subdivision of a state through which it exercised an essential governmental function and to tax his income would impose a burden upon the state. His case, however, is no stronger on this contention than was the case of *Lucas* v. *Reed, supra.* The evidence does not show that the imposition of this tax would impair in any substantial manner the taxpayer's ability to discharge his obligations to the political subdivisions or the ability of the latter to procure the aid of private services. *Metcalf & Eddy* v. *Mitchell, supra.*

The petitioner is liable for the penalty computed upon his income subject to tax, since he filed no return reporting this income. It does not matter why he failed to file a return. Section 3176, Revised

574

Statutes as amended by section 1003, Revenue Act of 1924, and section 1103, Revenue Act of 1926. *John B. Nordholt*, 4 B. T. A. 509; *John T. Sline*, 9 B. T. A. 1222; *E. M. Green*, 11 B. T. A. 185; *Scranton, Lackawanna Trust Co., Trustee*, 29 B. T. A. 698; *Robert E. McGrath*, 30 B. T. A. 562.

Reviewed by the Board.

*Decision will be entered for the respondent.*