DONALD FRANCIS CAMPBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51052.   Promulgated September 26, 1935.

*George F. Mulligan, Esq.*, for the petitioner.
*Paul D. Page, Esq.*, for the respondent.

104

OPINION.

MELLOTT: Petitioner contends that the boards possess and exercise governmental functions, and that he was an employee rendering personal service to political subdivisions of states " in connection with the exercise of an essential governmental function." Respondent contends that petitioner was an independent contractor.

We have found that petitioner was engaged in rendering actuarial services to private individuals and corporations and that he realized and reported a net income of more than $10,000 from the practice of such profession during each of the years in question, exclusive of the amounts received from the four annuity and benefit funds.

In connection with his work for the annuity and benefit funds in question, petitioner was not required to give any specific amount of time per day, per week, or per month. He performed the same type of work which was performed for various insurance companies. He, like petitioner in the case of *Milo R. Maltbie*, 31 B. T. A. 614, took no oath of office, gave no bond, held no statutorily defined position, employed his own assistants, retained the right to hire or fire them and to use them indiscriminately on all of his business as an actuary, either for one or more of the boards, or for other clients. All of the work was performed in his own office and with his own employees. In that case, as in many similar cases, we held that the petitioner was an independent contractor and not an employee of a state or political subdivision thereof, and that his income was not exempt from the Federal tax. To the same effect see also *Robert G. Gordon*, 5 B. T. A. 1047; *S. P. Freeling*, 7 B. T. A. 1238; *George W. Fuller*, 9 B. T. A. 708; *W. J. Howard*, 10 B. T. A. 62; affd., 280 U. S. 526; *R. Clipston Sturgis*, 10 B. T. A. 1394; *R. E. L. Johnson*, 25 B. T. A. 359; *Richard F. Burges*, 25 B. T. A. 1191; affd., 69 Fed. (2d) 609; *Edgar N. Finn*, 31 B. T. A. 439; 81 Fed. (2d) 1018.

The facts in the instant case are quite similar to those in the case of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, which we have frequently cited. In that case it was held that exemption from the tax would not be granted where

* * * The income of one who is neither an officer nor an employee of government and whose relation to it is that of contract, under which there is

an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. In such a situation it cannot be said that the tax is imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agency in any substantial way.

It is ingeniously argued that the creation, maintenance, and operation of the funds in question was the exercise of an essential governmental function, the purpose of the funds being similar to the purpose underlying the creation by the state of an industrial board for administering the Workmen's Compensation Act, which this Board in *Robert P. Bay*, 28 B. T. A. 1169, held to be an essential function of government. We do not deem it essential for the determination of this case to pass upon this question. The state undoubtedly has the right to undertake the enterprise in question, and the fact, if it be a fact, that it is undertaken for what the state conceives to be the public benefit, does not in itself establish immunity.

In the case of *Burges* v. *Commissioner*, 69 Fed. (2d) 609, affirming the ruling of this Board, it was held that the salary received by a lawyer as general counsel for a drainage district was not exempt where the relation was that of attorney and client, even though the district possessed and exercised governmental functions. To the same effect see *Helvering* v. *Powers*, 293 U. S. 214, affirming the decision of this Board rendered in the case of *Leland Powers, Executor*, 26 B. T. A. 1381.

We hold that the undisputed facts show petitioner to be an independent contractor and not an officer or employee of a state or political subdivision. It follows that respondent's contention must be sustained. Petitioner is not entitled to the exemption contended for, and the amounts received by him from the various funds should have been included in his income for the years in question.

*Judgment will be entered for the respondent.*