*685 OPINION.
ITakron :
The petitioner contends that he was an employee of the State of New York and that consequently compensation received from the State of New York is not subject to Federal income tax. Respondent concedes that the Joint Legislative Committee was an instrumentality of the state and that the conduct of the investigation of the administration of the government of New York City was the exercise of an essential governmental function, but the respondent contends that this petitioner and others whose petitions were consolidated for hearing with this proceeding, were not employees but were independent contractors. It is contended that the Joint Legislative Committee did not control the work of petitioner so as to bring him within the status of an employee. The sole question is whether petitioner was an employee of the State of New' York, for, if he was, compensation paid to him would not be subject to Federal income tax.
*686 The facts have been set forth at length. It is noted that petitioner was appointed by the Joint Legislative Committee at a fixed monthly salary for the duration of the investigation, with the understanding that he would devote all of his time to the work of the committee. Petitioner served the committee continuously from the date of his appointment until the conclusion of the investigation and gave up his private law practice and the use of his private law office. He was not the general counsel of the committee, but one of several assistants, and his work consisted of carrying on the routine work of the investigation as directed by the committee. In these and in other respects this proceeding is distinguishable from the cases relied on by the respondent, namely, D. Frederick Burnett, 31 B. T. A. 1092, where the petitioner was the general counsel in whose control the legislative investigation rested, who was engaged to accomplish certain objectives, who was not in fact restricted from engaging in other work, and whose compensation was not fixed; Burnet v. McDonough, 46 Fed. (2d) 944; Russell E. Watson, 31 B. T. A. 1097; affd., Watson v. Commissioner, 81 Fed. (2d) 626; Commissioner v. Murphy, 70 Fed. (2d) 790; Buckner v. Commissioner, 77 Fed. (2d) 297; Medalie v. Commissioner, 77 Fed. (2d) 300.
To determine whether the employee relationship exists, it is fundamental that control or the right of control by the employer over the alleged employee exists. See Metcalf & Eddy v. Mitchell, 269 U. S. 514. In the instant proceeding the investigation of the governmental structure of the city of New York was made by the Joint Legislative Committee empowered by the state legislature to make the investigation. It is evident that the magnitude of the investigation required that the committee obtain assistants in order that the investigation could be made and the legislature appropriated a maximum of $250,000 to meet expenses of the committee. The committee, with the aid and advice of its general counsel, Seabury, mapped the course of the investigation. It conducted the public hearings and determined what witnesses examined in private hearings should be called for public hearing. The investigation was not turned over to this petitioner nor to any staff of lawyers. The committee determined what work was to be done and the methods to be used. Petitioner received assignments of .work, from the committee and had the general task of doing the work. He reported on his work to the committee. His work was performed in the name of the committee and he was not free to act on his own determination. This serves to distinguish this case from David A. Reed, 13 B. T. A. 513. The petitioner exercised his own judgment in the use of his professional skill, but this does not prevent his occupying the status of an employee if his work is controlled and directed by his employer. It is also noted that petitioner was not engaged to *687 perform any one or several specific tasks or arrive at any definite result, but rather was required to do the routine work of the investigation and his work developed as the investigation progressed. In this respect this proceeding is distinguishable from Carl Newman Davie, 26 B. T. A. 1007.
In our opinion the Joint Legislative Committee exercised continuous control and supervision over petitioner’s services, as to what should be done and the methods to be used and had exclusive command over all his time so as to bring petitioner within the status of an employee. See Charles J. Tobin, 17 B. T. A. 1261; Frederick A. Brown, 22 B. T. A. 581; Robert Carey, 31 B. T. A. 839; Hector McGowan Curran, 34 B. T. A. 946, and cases cited therein. This case is distinguishable on facts from Watson v. Commissioner, 81 Fed. (2d) 626.
The petitioner occupied an office furnished by the state and all supplies and stenographic and clerical help were furnished by the state. He signed the state pay roll each month and was paid on vouchers of the state comptroller out of the state treasury. These factors are also material characteristics of an employee.
It is held on the evidence that petitioner was an employee of the Joint Legislative Committee and therefore of the State of New York, so that the compensation he received from that state, during (he taxable years, is immune from Federal income tax.
Reviewed by the Board.

Judgment wild be entered for the petitioner.