## GUNN v. DALLMAN.
### Civil Action No. 803.

District Court, S. D. Illinois, S. D.
Aug. 5, 1947.

Schroeder & Simpson and Hopkins, Sutter, Halls, DeWolfe & Owen, all of Chicago, Ill. (Giffin, Winning, Lindner, Newkirk & Jones, of Springfield, Ill., of counsel), for plaintiff.

Howard L. Doyle, U. S. Atty., of Springfield, Ill. (Arthur L. Jacobs, Sp. Asst. to Atty. Gen., of counsel), for defendant.

BRIGGLE, District Judge.

The questions raised by the motion to dismiss concern the liability of a Justice of the Supreme Court of Illinois for federal income taxes. The contention of the taxpayer and the principal questions presented on the oral argument have in fact been adjudicated favorably to the plaintiff in Collector v. Day, 11 Wall. 113, 78 U.S. 113, 20 L.Ed. 122. It is contended by defendant, however, that this decision was overruled in Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, in Graves v. New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, and in other cases that have been before the Supreme Court in recent years. It is true that the Day case was expressly overruled in the O'Keefe case, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, on *one* point as is evidenced by the following language of the Supreme Court, at page 486 of 306 U.S., at page 601 of 59 S.Ct., 83 L.Ed. 927, 120 A.L.R. 1466:

"Assuming, as we do, that the Home Owners' Loan Corporation is clothed with the same immunity from state taxation as the government itself, we cannot say that the present tax on the income of its employees lays any unconstitutional burden upon it. All the reasons for refusing to imply a constitutional prohibition of federal income taxation of salaries of state employees, stated at length in the Gerhardt case, are of equal force when immunity is claimed from state income tax on salaries paid by the national government or its agencies. In this respect we perceive no

basis for a difference in result whether the taxed income be salary or some other form of compensation, or whether the taxpayer be an employee or an officer of either a state or the national government, or of its instrumentalities. In no case is there basis for the assumption that any such tangible or certain economic burden is imposed on the government concerned as would justify a court's declaring that the taxpayer is clothed with the implied constitutional tax immunity of the government by which he is employed. That assumption made in Collector v. Day, supra, and in New York ex rel. Rogers v. Graves, supra, [299 U.S. 401, 57 S.Ct. 269, 81 L. Ed. 306], is contrary to the reasoning and to the conclusions reached in the Gerhardt case and in Metcalf & Eddy v. Mitchell, [269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384]; Group No. 1 Oil Corp. v. Bass, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032; James v. Dravo Contracting Co., [302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318]; Helvering v. Mountain Producers Corp., [303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907]; McLoughin v. Commissioner, 303 U. S. 218, 58 S.Ct. 539, 82 L.Ed. 758. *In their light the assumption can no longer be made.* Collector v. Day, supra, and New York ex rel. Rogers v. Graves, [299 U.S. 401, 57 S. Ct. 269, 81 L.Ed. 306], *are overruled as far as they recognize an implied constitutional immunity from income taxation of the salaries of officers or employees of the national or a state government or their instrumentalities.*"

It is also true that no decision of the Supreme Court has in fact overruled Collector v. Day upon the constitutionality of a federal tax upon either a judicial officer or a constitutional officer, as distinguished from a statutory officer of a state. Indeed in none of the cases relied upon by defendant was the power to tax a member of the judiciary before the court.

However, the language used by the Supreme Court in deciding the O'Keefe (Gra-ves) and Gerhardt cases does directly bear upon the principles relied upon by the plaintiff and followed by the Court in Collector v. Day. In the O'Keefe (Graves) case, the Supreme Court held that the theory that a tax on income is legally or economically a tax on its source is no longer tenable and that a tax upon income received as compensation for services to a state or the federal government is not a tax upon the state. The fact that the question presented in the O'Keefe (Graves) case was the legality of a state income tax upon an employee of the HOLC, which was a federal agency, would not seem to limit the scope of the reasoning of the Supreme Court to the principles applied.

■■ Considerable divergence of views appears to exist among the present members of the Supreme Court of the United States on some of the questions involved, but I am of the opinion that the court as a whole is committed to the doctrine that income collected by an individual is not to be attributed to its source. If I thus correctly appraise the composite opinion of the Supreme Court then income collected by the plaintiff is not to be attributed to the State of Illinois for the purpose of invoking constitutional immunity.

Only if the tax upon the income of a Supreme Court Justice of the State of Illinois, under the constitutional system of Illinois, places a burden upon the existence of the state or threatens unreasonably to obstruct the functioning of the state government, would the instant case escape the import of the reasoning adopted by the United States Supreme Court. Doubting as I do that any function of the state government or the independence of the judiciary will be seriously affected by the application of the federal income tax to the compensation paid to an Illinois Supreme Court Judge, I accept the decisions of the Supreme Court of the United States as controlling upon all the questions here involved and the motion to dismiss is allowed.